## Ingram, Appellant, *v.* Pittsburgh.

Argued October 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Coleman Harrison,* for appellant.

*Bennett Rodgers,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, November 23, 1942:

This action in trespass was instituted by plaintiff, Joseph Ingram, against defendant, City of Pittsburgh,

to recover damages for personal injuries sustained in an automobile accident alleged to have been caused by the latter's negligent maintenance of its street. Two trials were had, the jury disagreed in the first, and found for defendant in the second. Plaintiff's motion for a new trial having been refused and judgment having been entered on the verdict, this appeal followed.

Plaintiff suffered severe injuries when an automobile in which he was riding as a passenger suddenly swerved from the cartway of the street along which it was being driven into an iron post on the sidewalk. The testimony adduced on behalf of plaintiff tended to establish that the machine was caused to veer from its line of travel because of striking a large rut or hole in the street. There was little attempt by defendant to deny the existence of this rut or hole, or that it had been there for such length of time prior to the accident as to charge defendant with notice of the fact. The defense primarily was that the accident was caused solely by the blowing out of a tire, which turned the automobile off the cartway and against the post. The testimony as to the manner in which the accident occurred was in conflict, and, therefore, was clearly for the jury to resolve.

Plaintiff, however, contends that a new trial should be awarded for the reason that certain testimony, prejudicial to him, was hearsay and was improperly allowed in evidence by the learned trial judge. At the trial, plaintiff, in endeavoring to prove his loss of earnings, had testified that he worked mostly as a paperhanger and painter and that he spent an hour or two daily tending bar in a taproom which he and his wife owned. For the sole purpose of attacking the credibility of plaintiff, the defense called the Assistant Supervisor of the Pittsburgh District of the Liquor Control Board. This witness was permitted, over the objection of counsel for plaintiff, to read from a transcript of the testimony given by plaintiff shortly before this accident at a hearing of the Board, relative to an alleged liquor law vio-

lation, that he customarily was in attendance at the taproom from noon until closing time.

The contention of plaintiff is not that his prior admissions or declarations made before the Liquor Control Board could not be used against him in the present proceeding to attack his credibility. It is that the transcript from which the Assistant Supervisor of the Board was permitted to read certain excerpts to the jury was not properly authenticated. With this argument, we are constrained to agree. It is well-settled that whenever the testimony of a witness has been taken down stenographically, the ability of the person so taking it must be shown, unless he or she is an official court stenographer, in which event his or her ability will be presumed: *Commonwealth v. DiNatale*, 93 Pa. Superior Ct. 508; *Commonwealth v. Bone*, 64 Pa. Superior Ct. 44. Moreover, the stenographer must testify as to the integrity of his or her notes and the transcript thereof: *Commonwealth v. Ryhal*, 274 Pa. 401; *Commonwealth v. Stern*, 58 Pa. Superior Ct. 591. See also Henry on Pennsylvania Trial Evidence (3d ed.) §313, pp. 447-8. This is true even though the previous hearing at which the witness testified was required by statute to be stenographically reported. See Wigmore on Evidence (3d ed.), Vol. V, §1669, pp. 667, et seq. However, by the Acts of May 1, 1907, P. L. 135, §5, and May 11, 1911, P. L. 279, §4, where the testimony taken by an official court stenographer has been transcribed, duly certified by him, approved by the trial court and filed of record, then the transcript shall be admitted in any proceeding, if otherwise admissible, without the necessity of calling the stenographer. The notes or transcripts of an ordinary stenographer are not receivable, however, since they are merely hearsay of a person not produced. See Wigmore on Evidence, supra.

Furthermore, because of the ability necessarily required to take testimony stenographically and to transcribe the same, such records do not fall within the ex-

ception to the hearsay rule as to entries made in the regular course of business and do not come within the provisions of the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42 (No. 35). That statute, as was said by this Court, in *Freedman v. Mut. Life Ins. Co. of N. Y.*, 342 Pa. 404, 414: "did not intend . . . to make all business and professional records competent evidence regardless of by whom, in what manner, and for what purpose they were compiled, or offered." Clearly, the legislature did not intend to give the notes and transcripts of ordinary stenographers more dignity or authenticity than those of official court stenographers, who, under the Act of 1907, supra, must be personally called to the stand, unless they certify that "the proceedings, evidence, and charge are contained fully and accurately in the notes taken by me on the trial of the . . . cause, and that this copy is a correct transcript of the same" and the trial judge also approves the transcript and directs that it be filed.

We are satisfied that the erroneous admission of the testimony of the Assistant Supervisor of the Liquor Control Board was highly prejudicial to plaintiff's cause, for the trial judge at the conclusion of her charge stated: "I will say to the jury that if you find that any witness has wilfully and deliberately misstated evidence relating to a material fact in this case, then the whole testimony of that witness may be scrutinized and discredited because if it is untrue in part and wilfully so, it may be assumed that it will be untrue throughout." By allowing this stenographic testimony to be admitted, therefore, the credibility of plaintiff, not only as to his measure of damages, but also as to the manner in which the accident happened, was seriously affected.

Judgment reversed, and a venire facias de novo awarded.