James T. MATCHEN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12818.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1960.

Don Welch, Jr., Edwin W. Dudley, Joseph O. Minter, Madill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by James T. Matchen, defendant below, from a conviction based upon a charge by information of reckless driving, 47 O.S.1955 Supp. § 121.3, second and subsequent offense. He was tried by a jury and his punishment fixed at a fine of $100.00. Judgment and sentence were entered accordingly, from which this appeal was perfected.

■ The evidence, though conflicting, is more than ample to sustain the jury's verdict. The patrolman's testimony portrays the defendant as a potential killer speeding down the highway at 2:10 a. m. at speeds in excess of one hundred miles per hour. The defendant denied this testimony, and pled mistaken identity; that it was another. This evidence presented a question of fact solely for the jury. Sadler v. State, 84 Okl. Cr. 97, 179 P.2d 479. If the question was one of sufficiency of the evidence, an affirmance would be inevitable.

■ But, the defendant raises two propositions, among others, which require a reversal, both of which go to due process. First, he contends the trial court erred in permitting the county attorney to go into details on cross-examination of the defendant concerning the prior offense and requiring the defendant to testify that he admitted he was driving one hundred to one hundred and five miles per hour at the time of the prior offense. This Court has held that cross-examination on the details of a prior conviction is contrary to proper practice. In Little v. State, 79 Okl.Cr. 285, 293, 154 P.2d 772, 776, we said:

"The court should not allow the County Attorney to go into detail concerning the crime for which the defendant had been formerly convicted, as that is a collateral matter, not relevant to the crime charged and the conviction may only be inquired into for the purpose of affecting the credibility of the witness. The conviction, the name of the court in which the conviction occurred, the nature of the crime, and the date are all pertinent factors, but the details of the crime involve extraneous matters concerning which the prosecution should not inquire unless counsel for defendant on redirect examination seeks to explain the circumstances of the alleged crime for which the former conviction was sustained in order to lessen the effect of said crime on the jury in determining the credibility to be given to the witness."

Winn v. State, 94 Okl.Cr. 383, 236 P.2d 512; Scearce v. State, Okl.Cr., 326 P.2d 1065.

■ The trial court also failed to instruct the jury on the proposition that the evidence of the former conviction should be considered only for the purpose of determining the punishment to be inflicted, and that such evidence could not be considered in determining the guilt or innocence of the accused of the particular charge against him. 21 O.S.1951, § 51; Cordray v. State, Okl.Cr., 268 P.2d 316; Jackson v. State, 86 Okl.Cr. 420, 193 P.2d 895, appeal denied 335 U.S. 806, 69 S.Ct. 24, 93 L.Ed. 363, cert. denied Jackson v. Burford 338 U.S. 888, 70 S.Ct. 184, 94 L.Ed. 545. It was fundamental error for the trial court not to so instruct.

We do not find merit in the defendant's contention that the trial court erred in refusing to give his requested instruction on the theory of his defense, i. e., that the officer mistakenly identified the defendant as the law violator. The defense interposed was covered in the general instructions of the court.

The judgment and sentence is accordingly reversed and remanded with directions to retry this defendant on the premises heretofore indicated.

POWELL, P. J., and NIX, J., concur.