**Raleigh Goldrige ERVIN, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12836.**

Court of Criminal Appeals of Oklahoma.
April 6, 1960.

Carroll Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Raleigh Goldrige Ervin, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma county with the crime of attempted burglary in the 2nd degree after former conviction of a felony. A jury found the

defendant guilty, but was unable to agree upon the punishment, and left the punishment to be affixed by the court. The trial judge sentenced the defendant to serve a period of four (4) years in the Oklahoma State Penitentiary.

The defendant appeals to this Court asserting numerous assignments of error, one of which requires reversal. Defendant contends that the trial court erred in permitting the county attorney to go into detail on cross-examination of the defendant concerning the felony convictions alleged in the information as a basis for the charge "after former conviction of a felony." To constitute the former conviction of felony, the information alleges three former convictions of burglary in the 2nd degree.

The state in its case in chief proved these convictions by the introduction of the judgment and sentence in each of the cases, along with identification of the defendant as the same person referred to in the judgment and sentence. Also, the defendant upon direct examination freely admitted his previous convictions and that he was the person whose name appeared in the judgment and sentence. On cross-examination the county attorney inquired into the details of said former conviction in the following manner:

By Mr. Reynolds:

"Q. You have testified that you have been convicted of three felonies in the District Court, the ones that are in the Information? A. Yes.

"Q. Now, one of those was the burglary of—

"Mr. Samara: (Interposing) Just a minute, we are going to object to whatever they might have been.

"The Court: Overruled.

"Q. (By Mr. Reynolds) One of them was the burglary of the Sinclair Service Station at 1631 North Broadway, wasn't it? A. I can't recall.

"Q. And you were charged in that case of knocking out a pane of glass

near the window latch, were you not? A. I don't recall exactly what it was.

"Q. All right, and in 20652, you admitted—you pleaded guilty to that, did you not? A. Yes.

"Q. That involved the Beaty & Wollum Garage at 104 Northwest 16th, did it not? A. I don't recall the name of the garage.

"Q. Do you recall that you were charged on that occasion by breaking a hole in the window near the latch? Did you plead guilty to that? A. I did.

"Q. And in 20653, you were accused in that case and pleaded guilty, did you not? A. Yes, sir.

"Q. And the Information in that case shows it was the Allied Paint Company. Weren't you accused of forceable entry through a rest room window in that case? A. Yes."

The defendant at the close of the testimony further objected as follows:

"Mr. Samara: Comes now the defendant and moves the Court to grant a mistrial in this case for the reason that the Court permitted over the objection of the defendant's counsel for the State to go into facts or the circumstances of the type of burglary which was committed on previous offenses by this defendant, after the previous offenses had been proven, the same being done over the objection of the defendant.

"The Court: Let the record show that this evidence was introduced by the Court—was admitted in evidence by the Court as bearing upon the question of the credibility of the witness, who, in this instance, was the defendant and in the Court's opinion, the type of the evidence introduced and having to do with the information, the type of crime committed by the witness and where it was committed in view of his testimony, was proper, not prejudicial, and was admitted solely for the purpose of bearing upon his credibility and the de-

tails of the crime charged was not in the Court's opinion, sufficiently gone into to prejudice the rights of the defendant."

It is the opinion of the Court that the court erred in permitting the county attorney to cross-examine the defendant as to the details of the former convictions.

The Habitual Criminal Act, Tit. 21 O.S.1951 § 51 was designed solely for the purpose of enhancing the punishment of those convicted of a felony after having been previously convicted of a penitentiary offense. Providing for increased punishment in such cases was its only purpose. A former conviction charged in an information can only be considered for the purpose of assessing the punishment in case the jury should find defendant guilty of the offense charged. It is not to be considered in determining the guilt or innocence of the defendant. See Cordray v. State, Okl.Cr., 268 P.2d 316; Rice v. State, 93 Okl.Cr. 86, 225 P.2d 186; Solomon v. State, 79 Okl.Cr. 93, 151 P.2d 944. The courts must exercise great care in confining the consideration of former convictions to the purpose for which they are permitted under the above authorities. This is especially true in view of the great danger of prejudice that inevitably exists by virtue of allegations as to other convictions. Though the validity of the Habitual Criminal Act has been questioned by a bombardment of attacks, it has been consistently upheld. Regardless, it would show utter lack of reasoning to contend that proof of former convictions is not detrimental to defendant's cause and your writer would not be so naive as to say it was not prejudicial. Nor is it without merit to contend that it constitutes double punishment or that it places defendant's reputation at issue, before he takes the stand.

Your author is in thorough accord with the language used by the Supreme Court of Washington: (State ex rel. Edelstein v. Huneke, 140 Wash. 385, 249 P. 784, 785, 250 P. 469):

"It seems too plain for argument that to place before a jury the charge in an indictment, and to offer evidence on trial as a part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury that no instruction of the court can wholly erase, and, while appellate courts will presume that the jury has followed the instructions of the court, yet we cannot blind our eyes to the active danger ever lurking in such action. Courts have so recognized this fact that, although finding no error in the charging and showing to the jury upon an original charge the fact of previous convictions, they have frequently adverted to its danger and suggested ways to eliminate that prejudice."

These attacks have been repelled by previous decisions of this Court but the fact exists the state is afforded a great leverage in being able to use a previous conviction to great advantage against the defendant. If a defendant has served his time on one offense and paid his debt to society, it is unlikely that fairness would prevail if it were used to obtain convictions over and over again. For a more thorough discussion as to its inequity and need for legislative revision, see dissenting opinion In re Igo, Okl.Cr., 331 P.2d 969, 972. However, under the decision as they now stand, evidence of former convictions are admissible for a limited purpose. It was not the intention of the statute by the introduction of proof of former conviction, to supply substantial evidence of the guilt of the accused in the principal case, but only to enhance the punishment in the event his guilt should be proved by independent testimony. To permit testimony as to the details of the former conviction is to place too much inference thereon and tends to further prejudice the defendant. The pertinent facts as to such inquiry have been well defined by this Court in the case of Little v. State, 79 Okl.Cr. 285, 154 P.2d 772, 776, wherein it was said:

"The court should not allow the County Attorney to go into detail con-

cerning the crime for which the defendant had been formerly convicted as that is a collateral matter, not relevant to the crime charged and the conviction may only be inquired into for the purpose of affecting the credibility of the witness. The conviction, the name of the court in which the conviction occurred, the nature of the crime, and the date are all pertinent factors but the details of the crime involve extraneous matters concerning which the prosecution should not inquire unless counsel for defendant on redirect examination seeks to explain the circumstances of the alleged crime for which the former conviction was sustained in order to lessen the effect of said crime on the jury in determining the credibility to be given to the witness."

This court in an opinion by Judge Brett passed upon the matter in the case of Matchen v. State, Okl.Cr., 349 P.2d 28:

"While county attorney may interrogate defendant concerning other convictions for the purpose of affecting his credibility, the trial court should not allow the examination to be enlarged by asking the details of the crime on which conviction was sustained, as such examination might cause jury to place undue emphasis on former conviction of accused and thus cause them to convict mainly because of bad reputation."

■ In the instant case the defendant was charged with attempted burglary by attempting to break and enter a service station by breaking a rear window. It is obvious that the county attorney was attempting to show the defendant's guilt of the crime charged by going into details of former convictions that were alleged to have happened in a similar manner. The admission of such evidence was error, and calls for reversal. It is not necessary to discuss other assignments of error for they are such that may be corrected upon a retrial of the case. Complaint is made of the information and said complaint is justifiable. In one place the information states:

"By attempting forcible entry through a rear window by prying a hasp from the front door and breaking out a small window in the rear of building * * *"

No doubt this is ambiguous and confusing and should be corrected. Likewise the contention that the consummation clause is inadequate has merit.

■■ It is well recognized that there are three essential elements requisite to constitute an attempt to commit a crime and they are: intent, performance of some act toward its commission, and *failure of consummation*. An adequate allegation as to failure of consummation is absolutely necessary as an element of the attempted commission of a crime. Such a clause approved by this court may be found in the case of Place v. State, 300 P.2d 666, 669. Since the question is raised a study of the Place case, supra, would be an excellent guide in formulating the consummation clause upon retrial.

For the foregoing reasons the court has concluded that defendant was denied a fair and impartial trial. Therefore the judgment and sentence of the trial court is hereby reversed and remanded for a new trial.

■ Judge POWELL concurs in the conclusion, but we disagree as to the method by which a former conviction is to be proven. I am of the opinion that an introduction of the judgment and sentence is sufficient proof. Introduction of the information for examination by the jury would serve no purpose but to advise the jury of the details of the crime constituting the former conviction. What would be accomplished to hold inadmissible evidence as to the details, then present to the jury for examination the information which recites all the details of the former conviction. It would be allowing indirectly that which would be directly prohibited. The information does not prove the conviction but only that a charge was filed.

The information may charge murder yet the judgment and sentence proves defendant was convicted of manslaughter, 2nd degree. The information may charge assault with intent to kill yet the judgment and sentence reflects defendant was convicted of assault and battery or simple assault. The information is in no manner proof of a former conviction. In the instant case the former convictions were readily admitted by defendant. He never at any time evaded or denied his former convictions. Nor does the record depict him as facetious by disclosing knowledge of his three previous convictions to which defendant plead guilty on the same day. This is substantiated by the following testimony in direct examination:

"By Mr. Samara:

"Q. State your name to the Court and Jury, please? A. Raleigh Goldrige Ervin.

"Q. You are the defendant in this case? A. Yes.

"Q. Are you the same Raleigh Goldrige Ervin that has plead guilty on three charges on November 7th, 1951? A. Yes.

"Q. There's no mistake about that? A. No."

This testimony along with the judgment and sentence was conclusive as to the former convictions. Introduction of the information added nothing but the opportunity to acquaint the jury with the details of the former convictions.

POWELL, P. J., and BRETT, J., concur.

POWELL, Presiding Judge (concurring).

I concur in the conclusion reached, but it should be understood that this Court is committed to the rule, as stated in Solomon v. State, 79 Okl.Cr. 93, 151 P.2d 944, 945, that:

"Under our statute and practice of permitting the jury to assess the punishment, it is proper to permit the State to introduce the record of the information and judgment and sentence showing a prior conviction as alleged, notwithstanding the prior conviction or convictions have been admitted."

There are arguments pro and con concerning the desirability of this practice. But so far as this Court is concerned, the answer has been settled by Legislative enactment, and discussion of the merits of the practice can be of no value. What courts of other states have said can be of no aid.

We have cautioned, however, in such cases as Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002, 1009, that (quoting from the body of the opinion):

"* * * where * * * it becomes competent (being an exception to the general rule) to admit evidence of other crimes committed by the defendant, under such circumstances, this court has held that the State's attorney should at the time such evidence is offered, indicate the limited purpose for which offered, and that the trial court should follow this up by instructing the jury the purpose for which it is admitted, and limit them in their consideration of such evidence to that purpose."

As pointed out in the opinion, it has been held in Matchen v. State, Okl.Cr., 349 P.2d 28, following Little v. State, 79 Okl.Cr. 285, 154 P.2d 772, 773:

"While County Attorney may interrogate defendant concerning other convictions for crime for the purpose of affecting his credibility, the trial court should not allow the examination to be enlarged by asking the details of the crime on which conviction was sustained, as such examination might cause the jury to place undue emphasis on former conviction of accused and thus cause them to convict mainly because of bad reputation of the accused."

The information setting out the crime, and judgment and sentence of prior con-

viction which is admissible, as found in Solomon v. State, supra, could be examined by the jury and such record would speak for itself, but solely for the purpose of enhancement of punishment.

The Court, it will be observed from Judge Nix's opinion, permitted the prosecuting attorney to cross examine the defendant as to details of previous offenses for the purpose of impeachment of witness, who was apparently trying to be facetious by disclaiming knowledge of some of his prior convictions. Nevertheless, the previous convictions could have been proven by the Court Clerk having charge of the records, and the informations and judgments would have been admissible.

The point raised is weak by reason of the failure to vigorously object, but the objection interposed is held sufficient to bring the matter to the attention of the trial court. I therefore concur in the conclusion of Judge NIX.