Jimmy BALD EAGLE, Plaintiff in Error,

v.

STATE OF OKLAHOMA, Defendant in Error.

No. A–12881.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1960.

H. G. Tolbert, Watonga, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Earl E. Goerke, County Atty., Watonga, for defendant in error.

BRETT, Judge.

This is an appeal brought by Jimmy Bald Eagle from a conviction for assault with a dangerous weapon, 21 O.S.A. § 645, allegedly committed on May 27, 1959. He was charged by information with said crime in the District Court of Blaine County, Oklahoma, as a second and subsequent offender, the prior offenses being admitted; upon conviction the jury fixed the defendant's punishment at ten years in the penitentiary, 21 O.S.A. § 51. Judgment and sentence was entered accordingly.

The defendant raises several contentions. First, he asserts that the charging part of the information was insufficient to charge the defendant with the crime of assault upon Bennie Dyer with a dangerous weapon, although it alleged:

"With a dangerous weapon, to-wit: a one-quart beer bottle, by striking the said Bennie Dyer with said one-quart beer bottle, and by beating, and hitting the said Bennie Dyer on the head and body, and said assault was committed with intent to injure the said Bennie Dyer;" * * *

The defendant contends that a beer bottle is not per se a dangerous instrument and no reference is made of the use thereof which would bring it within the definition of such an instrument. We are of the opinion that a beer bottle, as such, is not a dangerous instrument, but may become so by the use made thereof. The foregoing language is sufficiently clear to define such an unlawful use of the beer bottle herein, as to bring it within the purview of a dangerous weapon. We have defined that a claw hammer, although not a dangerous instrument per se, may become such by the use made of it. See Tipler v. State, 78 Okl.Cr. 85, 143 P.2d 829; and Beck v. State, 73 Okl.Cr. 229, 119 P.2d 865, 868. Clark v. State, 11 Okl.Cr. 494, 148 P. 676; and Strahan v. State, Okl.Cr., 284 P.2d 744, all defining such instruments as leather strap, a chair, a stick, a clock, an iron rod, and an automobile window crank, as dangerous instruments by the use made of them. We do not see how the information could have better stated the use made of the beer bottle than is alleged in this information. Verbosity would have aided in no particular. Moreover, the defendant did not demur to the information and thereby waived all defects not jurisdictional. Clark v. State, supra. This point is wholly without merit. The defendant next complains that the state did not introduce the beer bottle in evidence. The defendant's own testimony disclosed that he hit the victim on the head with the beer bottle and "busted it", hence, the failure under these conditions to offer the bottle in evidence is clearly explained. This point is without merit.

The information and the evidence in support thereof are entirely sufficient to support the conviction.

The Attorney General in his brief states:

"We conclude that the crime, as charged, was fully established, including the fact of former convictions. In fact, the defendant admitted such former convictions. If this were all, we should say that the conviction should be affirmed and judgment approved as pronounced. Unfortunately, it is not all. We cannot deny that the county attorney, in his zeal in cross-examination of the defendant and in his argument to the jury, went beyond the proper limits, as outlined and pronounced by this court. We have no doubt that the offense was established, as alleged, and that the defendant would have been found guilty by the jury, but what the punishment might have been if the county attorney had not strayed beyond the proper limits of proof and argument we do not know. We cannot do other than submit the matter to the court."

■ The foregoing constitutes a clear admission of error, and denial of a fair trial. Such matter as interrogating the defendant as to details of other prior convictions, as for instance, "beating a woman with a chain", which the defendant denied and upon which the state offered no proof; then the county attorney stated, "you had a chain on you when you were arrested, didn't you?" Such conduct on the part of the county attorney has been strongly condemned. Ervin v. State, Okl.Cr., 351 P.2d 401, 402:

"It is error to permit county attorney to go into details concerning the crime for which the defendant has been formerly convicted, as that is a collateral matter, not relevant to the crime charged and the conviction may only be considered for the limited purpose of assessing the punishment if defendant is found guilty of the offense charged."

**1018** ■ 

Matchen v. State, Okl.Cr., 349 P.2d 28. Winn v. State, 94 Okl.Cr. 383, 236 P.2d 512. To add weight to the foregoing last point, the county attorney persisted in amplifying the error by arguing it to the jury. Although the trial court sustained objection thereto and admonished the jury to disregard the chain-beating statement of the county attorney, the injury had been done, the wound could not be completely healed by admonition. However, the defendant's guilt in the instant case is clearly established, even by his own admission; but the conduct on the part of the county attorney harpooned the defendant with improper matter introduced in unfair cross-examination, and on argument. We have held that where excessive punishment results by reason of such argument, modification of the sentence will be made. Hamilton v. State, 79 Okl.Cr. 124, 152 P.2d 291. Viewing the record as a whole we are of the opinion that this error may have enhanced the penalty imposed, and that justice will be served by reducing the penalty imposed. Sharkey v. State, Okl.Cr., 329 P.2d 682, 687, wherein we said:

"It is the duty of county attorneys to diligently prosecute violators of the law and they are to be commended for vigorous performance of this duty, but it must be done fairly and without passion or prejudice. It must be done with the evidence before the jury and not by improper, prejudicial evidence injected during the course of the argument and not supported by the evidence of record. * * * Remarks of county attorney relative to previous trials or convictions in his argument to the jury that are not supported by the evidence, considered improper and justifies modification."

Hamilton v. State, supra. The sentence is accordingly reduced to six years and as so modified the same is affirmed.

POWELL, P. J., and NIX, J., concur.