## Vrana Appeal

*Walter W. Riehl*, for appellant.
*Thomas J. Shannon*, for Commonwealth.

STRAUSS, J., March 13, 1967.—This matter comes before us on appeal by Albert and Mathilda Vrana, trading as "Al's Tavern", from an order issued by the Pennsylvania Liquor Control Board imposing a fine of $150 upon Albert and Mathilda Vrana, the owners of liquor license no. R-8678. The order was based upon the following findings of fact by the board:

"The licensees, their servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to a minor, on August 20, 1965".

A hearing was held before an examiner for the board on April 7, 1966. At this hearing, the principal witness for the Commonwealth was one William Joseph Macey, a minor, who testified and was cross-examined by appellant's present counsel. Pursuant to this hearing, the board issued the following order:

"And now, August 10, 1966, for the foregoing reasons, the Pennsylvania Liquor Control Board hereby imposes a fine of One Hundred Fifty Dollars ($150.00), upon Albert and Mathilda Vrana, the above named licensees".

On August 30, 1966, appellant licensee filed an appeal with this court. A de novo hearing was held by the court on February 7, 1967. At this time, the Commonwealth offered into evidence exhibit (1), consisting of the citation, opinion and order of the Pennsylvania Liquor Control Board, without objection.

A Mrs. Ruth C. Macey testified in behalf of appellee that she was the mother of William Macey, that he was a minor, 18 years of age at the time of the alleged violation, and that her son as of the date of trial was in the military service of the United States stationed in the Azores and was unavailable for the hearing. There was no contradiction of her testimony.

Marie C. Lomb then testified that she was and had been a stenographer for the Pennsylvania Liquor

Control Board for 20 years. She stated that she had taken the verbatim testimony of William Joseph Macey at the Liquor Control Board hearing using Gregg shorthand and had herself transcribed the notes of testimony referred to as Commonwealth's exhibit (2). Miss Lomb further testified to the integrity of her shorthand notes as well as the authenticity of her transcript.

The prior testimony of William Joseph Macey, an unavailable witness, was then received in evidence over the objection of appellant's counsel. The only other evidence offered by appellee was the testimony of Thomas J. Friend, an enforcement officer of the Pennsylvania Liquor Control Board, who testified that on September 3, 1965, upon his visit to the premises, and upon inquiry, he was told by the bartender that a minor's identification file was not maintained on the premises. No evidence to rebut this was offered.

Albert Vrana, one of the licensees, and Ronald Vrana, his son, both gave testimony for appellants stating that they were in the premises on the date of the alleged violation, but denied serving the witness Macey any alcoholic beverages. This testimony was of little consequence, since the alleged sale was made by the bartender. Albert Vrana was not on the premises at the time of sale, and the son, Ronald, before the trial examiner, was uncertain as to his own presence. In the hearing before this court, he simply stated that he was present but did not see the witness.

The court, after hearing the testimony offered at this hearing and considering the testimony of the absent witnesses, both appellants' bartender, who was unavailable by reason of illness, and appellee's witness, Macey, who was unavailable by reason of military service, being out of the country, makes the following findings of fact:

(1) Licensees' servants, agents or employes did

sell and furnish malt or brewed beverages to a minor on August 20, 1965.

(2) Licensees did not maintain a minor's identification card system as provided for in the Liquor Code of April 12, 1951, P. L. 90, sec. 494, as amended, 47 PS §4-494.

The court further concludes that the penalty imposed by the Pennsylvania Liquor Control Board was legally proper.

## DISCUSSION

The matter of whether licensees made the sale or knowingly permitted it to be made is not relevant here. "Ignorance by a licensee that a person to whom he sells is a minor is not an excuse, nor is the good faith of the licensee material, except in the case where a licensee fully avails himself of the requirements of the Liquor Code relating to the use of minors' identification cards. . . .": 23 P. L. Encyc. 91, §53, 47 PS §4-495.

## QUESTION PRESENTED

When a wtiness has testified under oath at the Pennsylvania Liquor Control Board hearing, and counsel for licensee had an opportunity to crossexamine and, in fact, did, and such witness *is unavailable* at the subsequent hearing between the same parties, on the same issues, can a properly authenticated stenographic transcript of that testimony be admitted into evidence?

In this case, the court did not err in receiving a transcript of the testimony of William Joseph Macey before the Liquor Control Board.

In the testimony which was taken at the Liquor Control Board hearing, William Joseph Macey stated before the examiner that he was a minor and that he was sold and served beer at licensee's tavern on August 20, 1965. The uncontradicted testimony was

that William Joseph Macey was in the armed service stationed in the Azores at the time of the de novo hearing. A transcript of his testimony was received by the court after the hearing stenographer authenticated her transcript in court. It is not denied that the challenged testimony was given in a hearing involving the same issues and the same parties. Nor is it denied that there existed at the time the right of crossexamination by the very same lawyer.

Section 9 of the Act of May 23, 1887, P. L. 158, 28 PS §327 provides:

"Whenever any person has been examined as a witness in any civil proceeding before any tribunal of this Commonwealth or conducted by virtue of its order or direction, if such witness afterwards die, or be out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he become incompetent to testify for any legally sufficient reason, and if the party, against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties involving the same subject-matter as that upon which such witness was so examined; but for the purpose of contradicting a witness, the testimony given by him in another, a former proceeding, may be orally provided".

The identical issue presented here was considered by the Quarter Sessions Court of Philadelphia in Haddington Italian American Club License, 11 D. & C. 2d 688 (1956). In that case, the absent witness was deceased at the time of the de novo hearing. In this case, the absent witness was out of the jurisdiction

so that he could not be effectively served with a subpoena. Both contingencies were specifically provided for in the above statute. The conclusions in Haddington Italian American Club, supra, are legally sound and clearly reflect this court's view of the present state of the law (page 704-05):

"In the instant case it is our well considered opinion that were the witness who testified at the hearing before the Board alive *and available* to give his testimony before the court of quarter sessions, then on appeal, should the record of his testimony formerly given before the Board be offered and objected to, such objection would have to be sustained. Since the witness is deceased, however, and the Act of 1887, supra, specifically allows such testimony to be introduced at a subsequent hearing on the same cause, we conclude that the testimony in question should be admitted in this appeal hearing before the court of quarter sessions. Such a conclusion we think is in keeping with the liberal interpretation to be placed on the Liquor Code of 1951".

A similar view of the law was held in the case of Himmelberger Appeal, 41 D. & C. 2d 656.

The case cited by appellant, Ingram v. Pittsburgh, 346 Pa. 45, is inapposite to the case at bar, in that the very objection raised in that case did not exist here. The ability of the stenographer was shown, and she did testify as to the integrity of her notes and the transcript thereof prior to the admission of the questioned testimony.

### ORDER OF COURT

And now, to wit, March 13, 1967, after careful consideration of the testimony presented at this de novo hearing, the court hereby imposes a fine of $150 upon Albert and Mathilda Vrana, the above named licensees.