**Granville Lee HUMPHREY, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15018.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

Rehearing Denied April 9, 1969.

homa County, for the offense of Illegal Possession of a Stimulant After Former Conviction of Unlawful Sale of Stimulants. He was tried by a jury who found him guilty and assessed his punishment at two years imprisonment, a fine of $1,000.-00, and costs.

On the trial the undisputed evidence was that on the 31st day of May, 1967, Officer C. R. Acox observed the car being driven by the defendant in a negligent manner on a dirt road in Oklahoma City. This officer followed the automobile and prior to stopping it, observed articles being thrown from the vehicle. He stopped the automobile, placed the defendant under arrest for negligent driving, then found the objects which were thrown from the car. The articles thrown from the car in a brown paper sack were four bottles containing an amphetamine solution, and a small box containing needles and syringes. The contents of the bottles were analyzed by Bryan Tipton, Chief Chemist for the Oklahoma State Bureau of Investigation, who testified that they contained an amphetamine solution, a stimulating drug.

By stipulation of the parties, the defendant's former conviction for the offense of Unlawful Sale of Stimulants After Former Conviction of a Felony, was admitted.

The defendant did not testify in his own behalf. The sufficiency of the evidence to support the verdict of the jury is not controverted in this appeal. In the light of the record before us proof of his guilt is evident, although there are two assignments of error relied upon for reversal or modification.

The single assignment of error that merits our consideration is that the Assistant District Attorney, Mr. James McKinney, in his closing argument, commented on matters not in issue and prejudicial to the defendant and at several points expressed his opinion as to the defendant's guilt. We are constrained to think that this assignment of error has merit and that although proof of the defendant's guilt is evident, the improper remarks of the prosecutor so inflamed the jury that they imposed the

Charles Yon, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Granville Lee Humphrey, hereinafter referred to as defendant, was charged by Information in the District Court of Okla-

maximum punishment prescribed by law upon the defendant. The most prejudicial of these remarks appear in the record at pages 101 and 102, as follows:

"MR. McKINNEY: If it please the Court and ladies and gentlemen of the Jury, I am pleasantly surprised that Mr. Yon has commented on why the Defendant did not take the stand, because that now allows me to comment on why he didn't take the stand.

He said that all he could have done was to say I don't know and I didn't do it, but on the other hand, we would have let you know about a five page *rap sheet* of what this Defendant has done since 1950 and as far as his criminal record is concerned. [Emphasis ours]

It would have let you know that he has been convicted of burglary, that he has been convicted of illegal possession of stimulants before and in addition to that one right here that he is charged with.

It would have let you know all about his *police record* and he has got the nerve to tell you— [Emphasis ours]

MR. YON: Your Honor, police record is not evidence, couldn't have been competent evidence and it is only convictions of felonies, Your Honor.

THE COURT: Well,—

MR. YON: Before he goes on—off on a tirade of what they could do.

THE COURT: All right, yes. We will give the Defendant the benefit of the doubt, I will sustain your last objection as to the police record."

We here observe that the prosecuting attorney made these remarks in response to the following statements of counsel for defense in his closing argument to the jury, which preceded the complained of remarks of the prosecuting attorney:

"I could have put the Defendant on today, and he got up there [sic] and Mr. McKinney would go into a tirade of the fourteen months that he has spent in the penitentiary back in 1964 for the illegal sale of a stimulant, this charge that he is talking about.

That is not necessary, it is in the Information. And, we all know about it. What good would it do for Granville to get up there and say, 'Well, I didn't know and I didn't do it.'

He has already said that the day when he pleaded not guilty. And he has got a former conviction, we know that and I stipulated to it."

 Under the statement made by defense counsel, certainly it would have been a proper reply to call to the attention of the jury the fact that had the defendant taken the witness stand he could have been subject to cross-examination as to his prior convictions, and he could have been examined relative to the facts giving rise to the charge in the instant case. This would have been proper closing argument under the circumstances, but to refer to a five page rap sheet (which is not the proper way to prove former convictions), as containing what the defendant has done since 1950 as far as his criminal record is concerned; then to refer to felony convictions neither introduced on the trial nor admitted by the defendant; and to cap this off with a reference to the police records, was highly improper and prejudicial. Nor was this prejudice overcome by the trial court's sustaining the objection to the "police record." The trial court on its own motion, should have admonished the jury to disregard the prosecutor's remarks referring to the five page rap sheet and other convictions not adduced on the trial in addition to the rap sheet. This, however, was not done, and in a close case these remarks would require reversal; however, in the instant case we are of the opinion that in view of the proof of the evident guilt of defendant, the ends of justice would best be served by modification of the judgment and sentence imposed from a term of two years imprisonment in the state penitentiary and a fine of $1,000.00 and costs, to a term of eighteen (18) months imprisonment in the state penitentiary and a fine of $500.00, and costs, and as so modified, the judgment and sentence is affirmed.

BRETT, P. J., and NIX, J., concur.