Edward Wayne LAWSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16352.

Court of Criminal Appeals of Oklahoma.

June 23, 1971.

Charles C. Yon, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

This is an appeal from judgment and sentence on conviction (22 O.S.Supp.1970, § 1051) on advancement of deferred sentencing (22 O.S.Supp.1970, § 991c).

Plaintiff in error, Edward Wayne Lawson, hereinafter referred to as defendant, was charged by information filed August 24, 1970, in the District Court of Cleveland County, Case No. CRM–70–1231, with Unlawful Possession of Stimulant, that being 88 tablets of methamphetamine. On September 4, 1970, defendant, while represented by counsel, entered a plea of guilty to this charge. Judgment and sentence was deferred and the defendant was released on One (1) Year probation. On October 30, 1970, a hearing was held on the District Attorney's Motion to Advance Judgment and Sentence. After hearing the evidence, the trial court found that de-

fendant had violated the terms of his probation by associating with a convicted felon, one Charles Dale Coslow. Thereupon, the court imposed judgment and sentence, with punishment fixed at three months in the county jail, and this appeal perfected therefrom.

One of the conditions of defendant's probation was that he would not "associate with ex-convicts." The District Attorney's Motion to Advance and Set Hearing alleged that defendant violated his probation, as he "was seen in the company of Charles Dale Coslow, a convicted felon" on October 26, 1970. At the hearing to revoke the deferred judgment and sentence, Oklahoma City Police Officers Grissom and Minor testified that on October 26, 1970, at about noon, they followed a 1963 Cadillac for approximately twelve blocks, and stopped it for failure to signal for a right turn. The officers identified Charles Coslow as the driver, and the defendant as the passenger. Coslow was given a traffic citation, and the pair was detained while a check was run with headquarters for any outstanding warrants. Finding none, and after 25 minutes, they were released.

Over defendant's objection, State's Exhibit One was admitted. This exhibit was a copy of the Oklahoma City Police Department record sheet on Charles Coslow, containing information on his police contacts, including arrests, investigations, and convictions. Defendant objected because the copy was not certified, and amounted to hearsay. On this evidence, the trial court made the finding that defendant had knowingly associated with Coslow, who was a convicted felon, and thereby violated his probation.

On appeal, defendant contends (1) that the information is defective because it does not allege the drug possessed by defendant produced a stimulating effect; (2) that the State did not follow the procedures of 57 O.S.Supp.1970, § 517, for probation violators to be arrested on a warrant issued by the Deputy Director of the Division of Probation and Parole of the Department of Corrections; and, (3) that the trial court's finding was based on incompetent evidence.

Title 63, O.S.1961, § 465.12, subd. B, makes unlawful the possession of a stimulant, unless such was obtained by prescription of a practitioner. Title 63, O.S. 1961, § 465.11(b), defines "stimulant" as any drug consisting of methamphetamine which "has a stimulating effect on the central nervous system." Title 63, O.S.1961, § 465.19, makes a violation of § 465.12 subd. B a misdemeanor, punishable on conviction with imprisonment in the county jail for not more than one year, or fine of $500.00, or both imprisonment and fine.

It is true the instant information does not allege the drug possessed by defendant had a stimulating effect on the central nervous system. However, we are of the opinion that this is a matter of evidence to be proven by the State, and that omission does not render it defective where there was no defense motion to quash prior to entering a plea on the merits.

As to the procedure to apprehend a probation violator, this Court has already held that 57 O.S.Supp.1970, § 517, is not an exclusive procedure, and that a District Attorney may initiate the proceeding. Gore v. State, Okl.Cr., 482 P.2d 953 (1971).

However, defendant has raised a meritorious contention concerning the competency of the evidence supporting a finding of probation violation.

The only evidence that Coslow was an ex-convict or convicted felon was State's Exhibit One, an uncertified copy purporting to be Coslow's police contacts or arrest record, what is commonly referred to as a "rap sheet". The entries on such records are not limited to convictions, but include all arrests, investigations, and fingerprintings. The introduction into evidence of a list of arrests, which may or may not have resulted in convictions, is highly prejudicial, and violates the fundamental principle that a person is innocent until proven guilty, and should not suffer judicial repercussions

from non-conviction. Thus, even if such a record were accurate and properly certified (which this was not), it would be inadmissible.

Alaska has held that "courts should be wary of relying on a record of police 'contacts' or an arrest record", Waters v. State, 483 P.2d 199, 203 (Alaska, 1970); and further held that a record· of "police contacts should not be made part of a presentence report." Robinson v. State, 484 P.2d 686, 690 (Alaska, 1971). The "dangers inherent in the use of such records" should be readily apparent, according to the Alaska Supreme Court, particularly since, absent a conviction, an arrest is "absolutely no evidence of guilty conduct." Waters v. State, *supra,* 483 P.2d at 203.

■■ It has long been the rule that a former conviction is proven by the introduction of a properly certified judgment and sentence, along with proper identity of person. Gilmore v. State, Okl.Cr., 365 P. 2d 573 (1961). A prison record is not admissible for such purpose, Bean v. State, Okl.Cr., 392 P.2d 753 (1964); nor is an information, Ervin v. State, Okl.Cr., 351 P. 2d 401 (1960). Then certainly a "rap sheet" of police arrests is inadmissible for such purposes.

Aside from the prejudicial effect of non-conviction entries on such reports, there is the problem of hearsay. It is the rule in this jurisdiction that records made by public officials pursuant to their duties, based entirely on hearsay, are not admissible in evidence to prove any fact disclosed therein. City of Enid v. Reeser, Okl., 330 P.2d 198 (1958). Hadley v. Ross, 195 Okl. 89, 154 P.2d 939 (1945).

■ Furthermore, the copy of the report offered herein was not certified, which renders it incompetent evidence, even if otherwise admissible. In Weeks v. State, 88 Okl.Cr. 291, 202 P.2d 1005 (1949), we held admission of an uncertified copy of a police report to be reversible error. The statutes provided for proper certification of records to be accepted into evidence in any court. 12 O.S.1961, §§

499, 502; and, 12 O.S.Supp.1970, § 1705.01. These requirements were not met, and the record was thus inadmissible.

■ We therefore hold the "rap sheet", or record of police contacts and arrests, was inadmissible, as it was prejudicial, based on hearsay, uncertified, and incompetent proof of felony conviction. Excluding the report from evidence, there is no other competent proof that Coslow was an ex-convict. Absent proof of this essential element, the evidence was insufficient to support the findings of the trial court.

Accordingly, the revocation of the probation is set aside, and the judgment and sentence is hereby reversed and remanded.

BRETT, J., concurs.

BUSSEY, P. J., not participating.