**Merlice COOK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16675.**

Court of Criminal Appeals of Oklahoma.

June 21, 1972.

Marion M. Dyer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Merlice Cook, hereinafter referred to as defendant, was convicted in the District Court in Tulsa County with the offense of malicious injury to property, 21 O.S., § 1760, Case No. CRM–70–736. On August 26, 1970, a twelve-month suspended sentence was imposed. On April 21, 1971, the suspended sentence was ordered revoked, and from said revocation this appeal has been perfected.

An application to revoke the suspended sentence was filed with the District Court on April 12, 1971, alleging that the defendant had violated the rules and conditions of her probation in that she had been seen in the company of Barbara Faye Know, an ex-convict, and further that "defendant has moved to 339 East Zion Pl., the residence of James Reece without the permission of probation officer and without notifying said officer." The hearing was held on the application to revoke on April 19 and 21, 1971, at which time the court heard the testimony of Ophilia Scott, the defendant's probation officer. At the conclusion of the hearing the judge ordered that the suspended sentence be revoked upon a finding that defendant "has been associating with persons who have been—are known criminals." The judge ruled, "I am revoking it mainly on the association with James Reece."

The evidence at the hearing established that the defendant was residing at, and gave as her address, 339 E. Zion Place, Tulsa, Oklahoma, where the defendant lived with her child and James Reece. There was no judgment and sentence of conviction before the trial court indicating that James Reece was a convicted felon. The record before us does, however, include a "rap sheet," or police record of arrests for James Reece.

Title 22 O.S., § 991b provides that:

". . . [T]he suspended sentence of said person may not be revoked for any cause unless competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose."

In the case of In re Collyar, Okl.Cr., 476 P.2d 354 (1970) this Court also held that "competent evidence must be presented to the court, at a hearing held for that purpose, before a person's suspended sentence can be revoked." 476 P.2d at 355. In Humphrey v. State, Okl.Cr., 452 P.2d 173 (1969), Judge Bussey, in speaking for this Court, held:

". . . [T]o refer to a five page rap sheet (which is not the proper way to prove former convictions), . . . was highly improper and prejudicial." 452 P.2d at 175.

In Lawson v. State, Okl.Cr., 486 P.2d 759 (1971), where the defendant's probation had been revoked for associating with an ex-convict, the revocation was set aside where the only proof that the associate was an ex-convict was a rap sheet. In *Lawson,* supra, this Court held that:

"A 'rap sheet' or police report of arrests, investigations, convictions, etc., on an individual is inadmissible and incompetent evidence to prove a felony conviction." 486 P.2d at 760.

Defendant's probation officer testified at the hearing for revocation that defendant had been living with Reece when the officer accepted the defendant for supervision on probation. There is no indication that the probation officer advised defendant

that continuing to reside with Reece was a violation of her probation. It may very well be that Reece and defendant had a common law marriage. Be that as it may, it is apparent that there was no competent evidence produced at the hearing for revocation which proved that Reece had a felony conviction. Not only was the rap sheet inadmissible for that purpose, but it appears that the rap sheet was not even introduced at the hearing for revocation but included in the record at a later date. Since the only reason for the revocation was defendant's association with Reece, as a felon, and since there was no competent evidence as required by 22 O.S., § 991b to prove that Reece was a convicted felon, we conclude that the order revoking the suspended sentence should be set aside. Reversed and remanded.

BUSSEY, P. J., and SIMMS, J., concur in results.