**OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Arnold Lee ROBINSON, Appellee.**

**No. 45608.**

Supreme Court of Oklahoma.

July 3, 1973.

Leroy J. Patton, Gen. Counsel, Dept. of Public Safety, Oklahoma City, for appellant.

Ed Parks, Tulsa, for appellee.

HODGES, Justice.

The appellant, Oklahoma Department of Public Safety, (Department) lodges this appeal from the action of the trial court in setting aside the revocation by the Commissioner of the Department of Public Safety of appellee's, Arnold Lee Robinson (Robinson) drivers license.

Robinson was placed under arrest on April 4, 1971, by Officer Gresham of the Tulsa Police Department. The arresting officer requested that he submit to a chemical test for alcoholic content which Robinson apparently refused to do. He was also charged with driving while intoxicated and transporting an open container of an alcoholic beverage, accessible while his vehicle was in motion. The open container charge was dismissed for insufficient evidence. The other charge was amended to the offense of speeding and Robinson either entered a plea of guilty or stipulated to it and was found guilty.

A sworn report by Officer Gresham pertaining to Robinson's refusal was submitted to the Department of Public Safety pursuant to 47 O.S.1971 § 753. The department revoked Robinson's driver's license for a period of six months.

A timely request for a hearing before the commissioner as provided by 47 O.S. 1971 § 754 was requested by Robinson. The hearing officer sustained the revocation.

Robinson appealed to the District Court for a trial de novo. The Department of Public Safety attempted to introduce the transcript of the former administrative hearing in lieu of requesting a continuance because the arresting officer was hospitalized. The trial court refused to consider the transcript of the prior hearing or to allow the Department to call Robinson as a witness.

The partner of the arresting officer testified that he did not see the arresting officer sign the sworn report. He further testified that it was possible he could be mistaken in his testimony before the court. He did state that although Robinson accelerated rapidly, he did not exceed the speed limit, and was not charged with any traffic

violations. He also stated that it was not his intention to arrest Robinson.

The trial court suppressed the testimony of the officer, and the affidavit of Officer Gresham.

Because the trial court held the transcript of the former hearing to be inadmissible, no evidence in support of Robinson's refusal to submit to testing or to support revocation of his drivers license was presented. A demurrer to the evidence was sustained by the trial court and the revocation was set aside.

The department urges error by the trial court on several issues: (1) the refusal to admit the sworn testimony which was recorded at the administrative hearing which was later transcribed by a regular stenographer; (2) the failure to permit Robinson to be called and sworn as a witness; (3) the ruling that the arrest of Robinson was unlawful and illegal in suppressing the evidence of Officer Lester; (4) its finding that the affidavit of the arresting officer was inadmissible and; (5) its error in sustaining licensee's demurrer to the evidence.

Robinson alleged that there was no showing that the transcript was either sworn to or transcribed by a reporter able to certify it. He objected to any consideration of the prior hearing, because it was not reported and transcribed according to statute.

An examination of the record certified by a notary public revealed that the certification appeared to be only that the testimony was accurately transcribed not that it was the complete transcript of the hearing. It does not reflect that the person certifying it was the person who transcribed it, nor was the stenographer called to vouch for its integrity.

Lewis v. State, 458 P.2d 309, 312 (Okl. Cr.App.1969) holds that:

"Another person will not be permitted to read or testify from a transcript of a reporter's notes taken at a former trial where the transcript is not vouched for by the reporter. Thus it can be seen that a court reporter can read entirely from a transcript so long as it is proven accurate, and the only objection to having another person read from a reporter's notes is if it is not authenticated."

It is provided by 47 O.S.1971 § 754, that the hearing before the commission "shall be transcribed." The Department relies on a 1968 Attorney General's opinion, No. 68-347, which holds that a typewritten copy of a tape recording is sufficient to satisfy the requirements of this statute.

■ Hearings before the commissioner are controlled by the provision of the Motor Vehicle Code and by the general statutes. They are excluded as to procedural provisions from the Administrative Procedures Act by 75 O.S.1971 § 325.

■ The statute, 47 O.S.1971 § 6–211(a) grants the right to file petition in the district court and vests the court with original jurisdiction to hear it. Although the hearing for revocation of a drivers license is an administrative proceeding, when the order of the commissioner is appealed to the district court it becomes a judicial proceeding. Any evidence sought to be introduced must conform with judicial standards. See Gibbs v. Johns, 183 Neb. 618, 163 N.W.2d 110 (1968).

The pertinent statutes pertaining to court reporters and admissibility of transcripts are found at 20 O.S.1971 §§ 106.1–106.5 and were enacted after the Attorney General's opinion.

The preparation of any official transcript must be by an official court reporter. 20 O.S.1971 § 106.4. The qualifications to perform reporting services are set forth by 20 O.S.1971 § 106.3.

On appeal to the district court from the order of the Department, the testimony is to be taken by the court stenographer. 47 O.S.1971 § 6–211(f).

The issue then, is whether a transcript prepared by a stenographer who does not meet the statutory requirements, is admissi-

ble in like manner as one prepared by the official court reporter at the trial de novo.

■ Only the ability of the official court reporter is presumed. Before a witness's testimony which has been taken down stenographically by an ordinary stenographer will be admitted, the stenographer must testify as to the integrity of his notes and the transcript thereof, even though the previous hearing at which the witness testified was required by statute to be stenographically reported. Ingram v. City of Pittsburgh, 346 Pa. 45, 29 A.2d 32, 34 (1942). At page 34 of this case it is stated:

> " * * * Where the testimony taken by the official court [reporter] has been transcribed, duly certified by him, approved by the trial court, and filed of record, then the transcript shall be admitted in any proceeding, if otherwise admissible, without the necessity of calling the stenographer. *The notes or transcripts of an ordinary stenographer are not receivable, however, since they are merely hearsay of a person not produced.*" (Emphasis ours)

See also Wigmore on Evidence 3rd Ed. Vol. V § 1669 p. 671 and 98 C.J.S. Witnesses § 616, pp. 624, 625.

Oklahoma, by statute, 20 O.S.1971 § 106.5, has recognized the competency of properly proven shorthand transcriptions and their admissibility into evidence when they are properly filed with the clerk of the court, and certified to be correct and complete by the court reporter who took the evidence and transcribed the proceeding. These transcripts are then subject to the same objections, and are of like force and effect as testimony taken in the cause by deposition. They may be incorporated into any appellate record. This, of course assumes, that the reporter taking the evidence is one who is qualified under 20 O.S.1971 § 106.3.

■ At the time of trial before the district judge, judicial standards concerning evidence are required. The testimony of

the prior hearing taken by a person unable to certify it (as in this case) for evidentiary purposes before the district court is inadmissible, in the absence of the stenographer. We are not saying that a certified court reporter must report the administrative proceeding before the department. We do say that a party who seeks to prove testimony given at a former trial by offering a certified transcript of the court reporter's notes by admitting the transcript into evidence must do so according to the applicable statute, 20 O.S.1971 § 106.5. A stenographer who does not meet the statutory requirements, must testify as to the integrity, correctness, and completeness of the transcript, subject to common-law rules of evidence pertaining to proof of testimony given at a former trial. This would of necessity require the stenographer's presence at the time the proceeding is recorded. See Travelers Fire Insurance Company v. Wright, 322 P.2d 417 (Okl.1958).

■ The Department also asserts that it was error to refuse to permit it to call Robinson as a witness. We agree. It is provided by 12 O.S.1971 § 383 that any party to a civil action or proceeding may compel any adverse witness to testify in the same manner and subject to the same rules as other witnesses.

A proceeding for the revocation of a drivers license is a civil, not a criminal proceeding such as would entitle licensee to refuse to testify. See Robertson v. State ex rel. Lester, 501 P.2d 1099 (Okl.1972). However, in instances where criminal charges are pending, or could be filed, the licensee, may invoke the constitutional privilege against self-incrimination and decline to answer those questions which tend to incriminate him.

■■ Under the Oklahoma Constitution Art. 2 § 21, and the 5th amendment to the United States Constitution, the rule in Oklahoma must be that no person shall at any time be compelled to answer any question or say anything which might be a confession of the commission of a public offense, or which might be used against him

in an attempt to convict him of a public offense. The privilege against self-incrimination must be accorded a liberal construction in favor of the right it was intended to secure. The privilege may be validly claimed where an answer will, or might become a link in the chain of evidence to prove the commission of a crime by the witness, or would be a source from which evidence of his commission of a crime might be obtained. J. H. Rose Trucking Company v. Bell, 426 P.2d 709, 712 (Okl.1967); Bryant v. State, 434 P.2d 498 (Okl.Cr.App.1967); Layman v. Webb, 350 P.2d 323, 326, 333 (Okl.Cr.App.1960).

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances. Messier v. State, 428 P.2d 338, 342 (Okl.Cr.App.1967).

The privilege of a witness not to incriminate himself is not infringed by merely being called as a witness and compelled to take the oath. The privilege cannot be invoked to excuse the witness from appearing and taking the stand. The privilege of a witness not to incriminate himself is an option of refusal and is not a prohibition of inquiry. People v. Austin, 159 Colo. 445, 412 P.2d 425, 427 (1967); United States v. Harmon, 339 F.2d 354, 359 (C.A. 6th Cir. 1964); In Re Lemon, 15 Cal.App.2d 82, 59 P.2d 213, 217 (1936); See also 98 C.J.S. Witnesses § 436, pp. 251, 252. In no event may the witness refuse to be sworn, United States v. Romero, 249 F.2d 371, 375 (C.A. 2d Cir. 1957).

The proper procedure in any court, is to allow the witness to be sworn and to object to individual questions as they are asked. It cannot be held that any question which might be put to a licensee as a witness would necessarily call for a reply tending to incriminate him. Until he appears and some question has been asked, there could be no basis for forming a judgment as to whether or not he is entitled to refuse to answer. See State v. Howat, 107 Kan. 423, 191 P. 585, 589 (1920). The duty of the witness is to answer frankly until some question is propounded the answer to which might tend to self-incrimination. See In Re Lemon, 59 P.2d p. 217 supra. The privilege against self-incrimination may not be asserted in advance of questions actually propounded. Marcello v. United States, 196 F.2d 437, 441 (C.A. 5th Cir. 1952).

In the instant case, all criminal charges against Robinson had been disposed of, and there was no possibility of self-incrimination. Therefore, it was error to refuse to permit the state to call him as an adverse witness under 12 O.S.1971 § 383.

The Department alleges error by the trial court in suppressing the evidence of Officer Lester, and for holding the arrest of Robinson to be unlawful.

The implied consent law provides that a chemical test for alcoholic content shall be administered at the direction of a law enforcement officer after having arrested a person and having reasonable grounds to believe the person driving or in actual physical control of a motor vehicle upon the public highways was under the influence of alcohol or intoxicating liquor. 47 O.S.1971 § 751.

Officers who observe an unusual appearance in the driver of a motor vehicle, and then, though no traffic law is being violated, observe that the car is being operated in an unorthodox manner, and conclude that licensee is intoxicated, are justified, and have a duty to make further investigation. Where officers have reasonable apprehension that the driver of a motor vehicle is intoxicated, and they stop him, and their judgment is sustained by the smell of liquor on the driver's breath, and by his disheveled appearance and unsteadiness on his feet on getting out of car, the officers are justified in arresting the driver for operating a motor vehicle while under the influence of intoxicating liquor. Robedeaux v. State, 94 Okl.Cr. 171, 232 P.2d 642 (1951).

An arrest cannot be justified by reason of discoveries made after accused is taken into custody, rather than information

known to arresting officers at the time of the arrest. Rainbolt v. State, 97 Okl.Cr. 164, 260 P.2d 426 (1953).

 The department next complains of error by the trial court in refusing to admit the affidavit of Officer Gresham.

A record of primary facts, made by a public officer in the performance of official duty may be competent prima facie evidence of the existence of such primary facts. However, expressions of opinion or conclusions or other statements involving the exercise of judgment and discretion made by public officer, voluntarily or pursuant to an official duty are not admissible in evidence to prove any fact disclosed therein although they are part of a public record. Hadley v. Ross, 195 Okl. 89, 154 P.2d 939, 941 (Okl.1944); City of Enid v. Reeser, 330 P.2d 198, 201 (Okl.1958).

It has long been the policy of this state that the report of a highway patrolman is not admissible in evidence. This holding is based on the proposition that hearsay evidence is incorporated into the report. Houston v. Pettigrew, 353 P.2d 489, 492 (Okl.1960). This policy is also applicable to the instant case and it bears out the reason for the rule. The sworn affidavit of Officer Gresham states that Officer Lester informed Robinson that at licensee's request and expense, reasonable opportunity would be given for additional chemical tests for blood alcohol content administered by a qualified person of his own choosing as provided by 47 O.S.1971 § 752. However, the testimony of Officer Lester was that "Officer Gresham also advised him of his rights under the implied consent law which at that time I was not familiar with". (This was Lester's first experience with the implied consent law). The affidavit also alleged that Robinson was speeding which Lester refuted.

The sworn report required to be filed with the Oklahoma Commissioner of Public Safety in conformance with 47 O.S.1971 § 753 is the catalyst in the initial revocation of a license by the commissioner. The matters sworn to in the report are issues which are to be covered and proven at the hearing, if a hearing is requested by licensee. The report merely sets the wheels of administrative machinery in motion, and loses its major significance at the time it is acted upon by the commissioner.

Officer Lester testified that: it was not his intention to arrest licensee; he did not see him walk to his car; he first observed him when he backed out of a parking space; Robinson did not speed; he did swerve his car, but that could have been due to road conditions, and to avoid a pedestrian who was walking on the roadway; he did not signal for a left hand turn with signal lights, but that it was possible that he did make a hand signal; Robinson was not charged with speeding or improper signals; licensee was well dressed and further that it was possible that his testimony could be in error.

From the testimony of the officer, it appears that at least so far as he was concerned, there was not reasonable suspicion to believe that licensee was operating a motor vehicle while under the influence of intoxicating liquor at the time the pursuit began. His testimony also refuted the possibility that licensee committed a misdemeanor in his presence, as it negated any traffic violations and he did not see licensee prior to stopping him.

In so far as the allegation that it was error for the trial judge to suppress the testimony of Officer Lester, the trial judge may in his discretion determine the question of admissibility and hear any evidence relevant thereto in proceedings outside the presence of the jury either before the commencement of the trial proceeding or in the course of the same. Van Halen v. Municipal Court, 3 Cal.App.3d 233, 83 Cal. Rptr. 140 (1970). Based on the facts, it was not error for the trial court to suppress the testimony of Officer Lester.

Furthermore, the copy of the affidavit offered at the trial de novo was not certified, which rendered it incompetent evidence, even if it had otherwise been admissible. The statutes, 12 O.S.1971 §§ 449,

502, and 1705.01 provide for proper certification of records to be accepted into evidence in any court. These requirements were not met. The affidavit was thus inadmissible. Lawson v. State, 486 P.2d 759, 762 (Okl.Cr.App.1971).

The cause is reversed and remanded for new trial.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER, BARNES, SIMMS, and DOOLIN, JJ., concur.