Clarence B. **BROWNFIELD**, Plaintiff in Error,

v.

T.he **STATE** of Oklahoma, Defendant in Error.

No. A-12254.

Criminal Court of Appeals of Oklahoma.

March 21, 1956.

On Rehearing July 25, 1956.

Harland A. Carter, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Plaintiff in error, Clarence B. Brownfield, hereinafter referred to as defendant, was charged in the Superior Court of Okmulgee County with the crime of abandonment of children, was tried before a jury, convicted, and his punishment was fixed at seven years confinement in the State Penitentiary, with recommendation that the defendant be given consideration as set out in Instruction No. 4.

Defendant in this appeal seeks a modification of the verdict and judgment, based solely upon the giving of the instruction complained of.

This prosecution was instituted under authority of 21 O.S.1951 § 853, which reads:

"Every person who shall without good cause abandon his wife in destitute or necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and wilfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the State Penitentiary for any period of time not less than one year or more than ten years."

The State on trial introduced evidence to show that the defendant and his wife Edyth were married at Eufaula, Oklahoma in September, 1937, and that there was born to the parties six children: John

Robert, at time of trial 16 years of age; C. H. 13 years; Jimmy 11; Bonnie Lou 10; Kittie 9, and Donna 8. The wife's parents adopted Kittie and her support is not involved herein.

The record further shows that "Edith C." Brownfield obtained a divorce from the defendant herein, Clarence B. Brownfield, in case No. 6713, in the Superior Court of Okmulgee County, Henryetta Division, on May 27, 1948. The wife was awarded the care and custody of the children, the home and furnishings, and the defendant was awarded a Ford pick-up truck. No provision was made at the time as to support money for the children. However, the law fulfills such requirement, which makes it the duty of a parent to provide for his offspring. 21 O.S.1951 § 853, supra. See also Section 852 of the same Title. The court granting the divorce has a continuing jurisdiction over the children until they reach ages of majority, and of course can modify the divorce decree from time to time, under changed conditions, as to the support of the children.

The record shows that defendant's former wife in 1949 married one John McIntosh and left Oklahoma, but that she was divorced from McIntosh in 1952. Following this the mother went to Wyoming on a visit and left the children with defendant's sister, Lavern Brownfield, for several months. The mother, Edyth, testified that the total amount of money paid her for support of the five children by the defendant from August 15, 1952 up to the time of trial was $55. She said that she had to depend on the Government and relatives for the support of the children. Her sister Marie Schwartz, and defendant's sister Lavern Brownfield helped her on occasion.

The mother of defendant's children was shown to have received, in support money for the children from the Department of Public Welfare, a total of $4,364.

Mrs. Dolores Beemer, case worker for the Department of Public Welfare, testified that it was a requisite of the Department that mothers of children abandoned by a father by failure to support should file abandonment charges against the father in order to receive payments from the Department.

It appears that pending the within appeal the defendant has been permitted to make a specific performance bond in the amount of $3,000, and under the terms of the bond has been paying to the clerk of the Superior Court each month the sum of $40 for the support of his five children.

It is set out in defendant's brief, though not shown by the record, that the mother of defendant's children has remarried since the trial. This can be given no consideration here. She had that right.

The defendant did not testify and offered no evidence.

From the above evidence, we have before us an aggravated case of neglect on the part of the defendant of his children. The fact that there were differences between him and the mother of his children cannot relieve him of his duty to support his offspring. He chose to let the taxpayers take care of this for him to the amount of $4,364. This court will take judicial notice by reason of appeals reaching this court within the last few years that too many parents have been taking the easy way out by endeavoring to make their children eligible for support from the Government. For the common good this must be discouraged where the parent is able bodied and capable of supporting his offspring by the exertion of a little energy.

The instruction complained of and urged as grounds for modification reads:

"You are further instructed that the Statutes of the State of Oklahoma further provide as follows:

" 'Upon conviction of any person, under the provisions of this Act, the Governor may, before or after sentence, parole said person upon the recommendation of the trial judge in whose court he was convicted, upon said person entering into an undertaking in the form provided by the judge of said court, with two or more

'good and sufficient sureties. Said sureties shall qualify and make a property statement as provided by law, and the said bond shall be approved by the trial judge before said application is made to the Governor, and a certificate that said bond has been approved by the trial judge shall accompany any application made hereunder. Said bond shall be conditioned that the said convicted person shall within ten days from the first day of each month, pay to the clerk of the court where he was convicted such amount as has been fixed by the court for the support of said children, which money shall be paid by the clerk to the wife or other person who is in charge of and caring for said children.'

"However, in this connection you are further instructed that notwithstanding the above provision of the law, the defendant should not be convicted unless the jury is satisfied by competent evidence beyond a reasonable doubt that said defendant is guilty as charged in the information."

It is evident that the jurors by reason of their recommendation did not wish to have the defendant placed in confinement where he would not be able to work and earn money for the support of his children. They wanted him free to work but with strings attached. If the matter had resolved down to a proposition of punishment for punishment's sake, perhaps the jury would have approved a lesser penalty than seven years. But they could have assessed a penalty of ten years.

The court should not have given the instruction complained of, as it had nothing to do with the question of whether the defendant had or had not supported his children. It involved a matter that for the interest of the children could be worked out after conviction, if conviction had. 21 O.S.1951 § 855.

While under the authority of Cosby v. State, 85 Okl.Cr. 159, 186 P.2d 844 and cases cited, the giving of the instruction complained of must be held to be error, from the facts in that particular case we think the error harmless. The children are all quite young and it will be within the sentence interposed before the youngest will have reached such age that the defendant may legally be relieved from prosecution for its nonsupport under the statute quoted, and as said in State v. Gillmore, 88 Kan. 835, 129 P. 1123, 1126, 47 L.R.A.,N.S., 217, and quoted with approval in Cosby v. State, supra [85 Okl.Cr. 159, 186 P.2d 851]:

"'The object of the statute [Kansas statute comparable to 21 O.S.1951 § 855] was to compel the husband, if he were able to do so, to support his * * * children.'"

We would emphasize the two closing paragraphs by Judge Barefoot in Cosby v. State, supra, where it is said:

"In connection with this case, we call attention to 21 O.S.1941 § 855, supra, which provides for a parole by the Governor of one convicted by reason of a violation of such section, as was this defendant, by the payment of certain monthly payments as provided therein for the support and maintenance of his wife and child, such payments to be secured by the giving of good and sufficient bond as provided by the terms of said section.

"It will thus be noted that this defendant carries the keys for his release from the sentence imposed in this case. The statute under which defendant was convicted is a wholesome one for the enforcement of a deserved right. We have often insisted upon prosecution for other offenses, and have too often forgotten that the abandonment and failure to support one's own offspring is a crime not only against society, but an irreparable injury to the children of this State."

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.

On Petition for Rehearing

BRETT, Judge.

██ On rehearing, our attention has been called to matters not fully considered in the opinion; and after further consideration, we have concluded that the penalty imposed is excessive, primarily because of the trial court's instruction complained of and which our original opinion held was erroneous, but harmless error. . . .

. The matter contained in said instruction bears no relation, whatsoever, to the question of the defendant's guilt or innocence, but pertains to provisions of law which are available to the defendant after his conviction for failure to provide for his children, by means of which he may post a performance bond, provide for his children, and avoid the penalty and pains of penitentiary confinement.

It is apparent that this instruction prejudiced the defendant and could not be called harmless error in view of the fact that the jury in its verdict recited that it found the defendant guilty and asked that sentence of seven years be pronounced in accordance with the provisions of instruction number four, which was the instruction complained of. Furthermore, the petition for rehearing calls our attention to one erroneous statement in the opinion which influenced the majority of the court to concur in the opinion, and that was the statement that the defendant had executed a specific performance bond under which he was paying $40 a month to the court clerk for the support of his children. The defendant had not executed a specific performance bond but was released on an appeal bond. He voluntarily commenced paying $40 a month to the court clerk for the benefit of his children, but was not doing so under the terms and conditions of a specific performance bond.

The penalty of seven years imposes an increased burden instant to obtaining a performance bond, under the provisions of 21

O.S.1951 § 853. The object of the parole and bond provisions of the said statute is to obtain performance, after conviction, of the defendant's legal responsibilities for support to his children. Of course it would be more difficult to obtain sureties under a bond conditional upon payment for a period of seven years than for a lesser term of years. In determining what sentence would meet the ends of justice, we have concluded that a three year sentence will secure compliance with the law and enhance the probability of the defendant's ability to secure a performance bond covering the period of his parole from the penitentiary for said purpose. Moreover, this is a continuing responsibility under the law and if at the expiration of his sentence the defendant does not continue the support of his children, he may again be prosecuted for such failure.

Hence, we are of the opinion the sentence imposed of seven years should be and is modified to three years in the penitentiary.

JONES, P. J., concurs.

POWELL, J., dissents. .

POWELL, Judge (dissenting).

Some three months after the record on appeal was filed in this court, permission was granted appellant to attach to the case made a certificate from the clerk of the Superior Court, Okmulgee County, setting out the payment of $40 per month through the clerk's office, said payments commencing with the date of the conviction, and continuing to December 5, 1955, the date of the certificate.

The certificate did not state that the payments were voluntary, and it was interpreted as required. The bond was an appeal bond. The conviction leaves with the defendant the key to his freedom, as provided by 21 O.S.1951 § 853. I therefore respectfully dissent to the reduction of the penalty imposed.