Charles Eugene COX, and Paul Steven Rainey, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15678.

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiffs in Error, Charles Eugene Cox and Paul Steven Rainey, hereinafter referred to as defendants, were tried jointly and convicted by jury verdict of burglary in the second degree, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–69–2175. The jury assessed punishment at twenty (20) years imprisonment for Cox and thirty (30) years imprisonment for Rainey. Judgment and Sentence in accord with the verdict was imposed on November 12, 1969, and this appeal perfected therefrom.

Specifically the defendants were charged while acting conjointly with the burglary of Downtown Chevrolet in Oklahoma City, Oklahoma, on September 7, 1969. At the trial Charles A. Zeigler testified that he was an emergency patrol security officer and on September 7, 1969, he went to the Downtown Chevrolet in Oklahoma City because of a burglar alarm signal. As he got there police scout cars also arrived. A traffic control truck came by and by means of the telescoping hoist put Zeigler on the roof where he arrested defendant Cox. Cox was wearing gloves but had nothing in his possession and was unarmed.

Raymond Kirkpatrick testified that he was employed by Downtown Chevrolet Company and one of his duties was to secure the place on closing. They have a burglar alarm system which can be tested to determine if it is operable. On his closing the place sometime around 6:00 P.M. on September 6, he got positive indication that the alarm system was operable and indicating all doors to be locked. However, the upstairs windows are not part of the system and if they are open the alarm does not sound.

Clifford Lea, Oklahoma City Police Officer, testified that he went to the Downtown Chevrolet that morning and took custody of defendant Cox, advising him of the rights against self-incrimination. Defendant Cox then voluntarily showed Lea that he got into the building by climbing a telephone pole and entering a second story window, and told Lea there was another person in the building. Inside the building Lea saw a cigarette machine and coke machine pulled out from the wall and a screw driver and chisel on the floor in front of the machines.

Sergeant Hicks, Oklahoma City Police Officer, testified that he went to the Downtown Chevrolet that morning and upon searching the interior, found defendant Rainey wedged under a pick-up truck between the drive shaft and the truck bed.

Officer Johnson, Oklahoma City Police Officer, testified that he went to the Downtown Chevrolet that morning and observed Sergeant Hicks arrest defendant Rainey. He learned from Lea of the supposed means of entry and climbed the telephone pole and entered through the third level window. Defendant Rainey was wearing gloves but unarmed when arrested. The tools found in front of the coke machine did not belong to Downtown Chevrolet.

Officer Barrett, Oklahoma City Police Officer, testified that he talked to both defendants at the police station the following day after warning them of the rights against self-incrimination. Defendant Rainey told Barrett he broke in the building to get the vending machines. Defendant Cox denied entering the building but said he had gone there to burglarize the cigarette machine.

No evidence was offered in defense.

A prior conviction of Cox was stipulated, being burglary second degree, and of Rainey, being robbery with firearms.

We are satisfied the evidence supported a verdict of guilty. The only assignment of error concerns the sentence imposition.

After the jury had found defendants guilty as charged and retired to deliberate the punishment, they sent a note to the judge questioning the time to be served under the parole laws for certain terms of imprisonment. Over objection of defense counsel, the trial court sent a note to the jury stating: "With good behavior about ⅓ of each year is to be served subject to

provisions of law that rests certain powers in the pardon and parole board."

This Court has held on a number of occasions that it is improper and prejudicial for the trial court to instruct the jury regarding possible reduction or commutation of the term of imprisonment after imposition through deductions for good behavior and other statutory allowances, or pardon and parole policies. French v. State, Okl.Cr., 397 P.2d 909 (1964), held: "We cannot agree that the court has the right to cite Pardon and Parole Board policies, no matter how well established and generally recognized they are."

In Brownfield v. State, Okl.Cr., 299 P.2d 539, the trial court instructed the jury defendant could be paroled after his conviction. This Court held such an instruction prejudiced defendant and required modification holding that such an instruction was not relevant "but pertains to provisions of law which are available to the defendant after his conviction."

In Carr v. State, Okl.Cr., 417 P.2d 833 (1966), it was held that the trial "court went beyond its duty and authority to fully instruct the jury" by giving an instruction that with an indeterminate sentence the Pardon and Parole Board determines if the defendant serves longer than the minimum term. Since such an instruction "related to a condition subsequent to the conviction and sentence and was not germane," it was prejudicial error requiring modification.

Finally, we held in Williams v. State, Okl. Cr., 461 P.2d 997 (1969), that the giving of an instruction setting forth the prison "good time" allowance computation authorized by statute, in the second stage of the trial after a finding of guilt, was prejudicial error requiring modification.

In view of our prior decisions that instructions as to sentence commutation possibilities under statutory allowance or pardon and parole policies are improper and prejudicial, it is evident that the trial court erred when it advised the jury that an inmate ordinarily served one-third of the sentence subject to the discretion of the Pardon and Parole Board. Such error requires modification since the trial was conducted in two stages under the subsequent offender provisions. Furthermore, under the evidence there is no justification for a different term for the two defendants since they are both equally guilty.

Accordingly, the sentences for defendants Cox and Rainey are both modified to a term of fifteen (15) years imprisonment each; and as so modified the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.