Darrell **TUCKER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–16565.

Court of Criminal Appeals of Oklahoma.

June 21, 1972.

Tom R. Cornish, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Darrell Tucker, hereinafter referred to as defendant, was charged with murder in the District Court of Pittsburg County, Case No. CRF 70-131. Defendant was found guilty of manslaughter in the first degree by jury verdict, with punishment fixed at ten (10) years imprisonment.

Judgment and sentence was imposed on October 2, 1970, and this appeal perfected therefrom.

Defendant was charged by information with the crime of murder, alleging that the defendant on March 10, 1970, with the aid of Larry Don Wesley Maynard, did stab with a knife one Leroy Huff, inflicting wounds which caused Huff's death. Briefly stated the evidence established that on March 10, 1970, the defendant, Maynard and Huff, all Oklahoma State Penitentiary inmates, were involved in a fight during which Huff suffered fatal stab wounds. It was established that defendant had been threatened by Huff, the decedent, over a gambling debt. Defendant had asked Maynard to go with him to discuss a possible plan to work out the debt. The defendant claimed that the deceased Huff was stabbed in self-defense.

It is defendant's first contention that the State improperly cross-examined the defendant, introducing his former felony convictions without offering proof that defendant had been represented by an attorney on the former felony convictions.

It is a fundamental principle of federal constitutional law that the absence of counsel or waiver in a criminal trial necessarily invalidates the conviction, because the lack of counsel so jeopardizes the fairness of the trial that any ensuing conviction is likely to be unreliable. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Desist v. United States, 394 U.S. 244, 89 S.Ct. 1048, 22 L.Ed.2d 248 (1969). In addition to the unreliability of uncounseled convictions, their use in a subsequent criminal proceeding simply compounds the original denial of the constitutional right to the assistance of counsel. For these reasons such convictions may not be used "to support guilt or enhance punishment." Burgett v. Texas, 389 U.S. 109, at 115, 88 S.Ct. 258, at 262, 19 L.Ed.2d 319 (1967). Furthermore, presuming representation by counsel or waiver from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. In view of these funda-

mentals, this Court, in Chester v. State, Okl.Cr., 485 P.2d 1065 (1971), held: "Where the state seeks to introduce evidence of former felony convictions either in *cross-examination for credibility purposes* or in an effort to prove the charge that defendant is a subsequent felony offender under the habitual criminal statute, 21 O.S.Supp.1970, § 51, the state has the burden to show by competent evidence that in sustaining such a former conviction defendant was represented by counsel or competently waived counsel; absent such proof the former convictions are inadmissible." 485 P.2d at 1066. (Emphasis added.)

Other courts have likewise barred the use of uncounseled convictions for purposes of impeachment. Gilday v. Scafati, 428 F.2d 1027 (1st Cir. 1970). People v. Coffey, 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15, 25 (1967). Johnson v. Maryland, 9 Md.App. 166, 263 A.2d 232 (1970). Shorter v. United States, 412 F.2d 428, 431–435 (9th Cir. 1969).

■ Although the state did not offer proof that the defendant was represented by counsel on the former convictions brought out during his cross-examination, the Attorney General has offered proof that the defendant was represented by counsel, Mr. John D. Harris, on each of the three convictions brought out during cross-examination. See Scobie v. State, Okl.Cr., 481 P.2d 781 (1971). We therefore conclude that the record is not silent as to representation by counsel on the *former felony convictions*, and thus find no error in this regard.

■ It is defendant's second contention that the trial court erred in allowing Larry Don Wesley Maynard to testify as a rebuttal witness over defense objection. Defendant argues that Maynard, who was granted immunity from prosecution and testified as a state's witness in chief, when called as a rebuttal witness was merely repetitious of the earlier testimony. It is true that "introducing testimony and the character of rebuttal permitted by the court is largely discretionary. It is, however, most unfair to permit a complete rehash of the testimony introduced in chief." And "although the matter is largely discretionary, the trial courts are warned that an abuse of same, or apparent disregard of the rights of a defendant, would warrant reversal." Corliss v. State, 12 Okl.Cr. 526, at 529–530, 159 P. 1015, at 1016 (1916). Although in the instant case the witness Maynard when called as a rebuttal witness did repeat many of the same matters covered when he testified in chief, Maynard's testimony did in part rebut a defense witness. Broderick Jones had testified as a defense witness that he saw the fight between defendant and deceased and observed deceased pull a knife. As a rebuttal witness Maynard testified that he was present during the fight and that the witness Jones was not present. Thus the witness Maynard called as a rebuttal witness did give testimony rebutting the defense testimony. Accordingly, we find no error in this regard.

■ It is defendant's third contention that the court erred in misdirecting the jury in a matter of law. The court had fully and accurately instructed the jury as to the law regarding murder, manslaughter, justifiable homicide, excusable homicide, and self-defense. However, the jury apparently was confused as to how to proceed and, after beginning its deliberations, returned to the courtroom and asked the judge about procedure.

"THE COURT: Of course the jury can handle it any way they want to. The general instructions state you shall first consider the question of murder, if there is not an agreement on murder, next you shall consider manslaughter in the first degree.

"JUROR: And not consider whether guilty or innocent as the first question you shall consider.

"THE COURT: If a person on considering murder felt not guilty on everything of course it would be revoted not guilty on manslaughter. Do counsel agree with me on that?

"MR. CORNISH [Defense Counsel]: I do not agree, your Honor.

Defendant argues that the trial judge's remark "implied to the jury that if there was doubt as to guilty on murder or if the jurors felt not guilty on everything, that in the natural course of deliberation, the jury must consider guilt or innocence as to manslaughter." We do not find that the trial court's remark was substantially inaccurate, nor prejudicial in nature. The full written instructions to the jury were appropriate and accurate. We are of the opinion that the court's verbal comment in response to the juror's inquiry did not mislead the jury as to the law.

It is defendant's fourth and final contention that the closing argument of the district attorney was inflammatory, prejudicial and caused fundamental error. We are in agreement that the argument of the prosecutor in at least two instances was highly improper.

 During the closing argument the District Attorney stated "I have to stop and find this rap sheet the FBI had on this Darrell Ray Tucker. Look again at the charges this man had." To begin with, an FBI rap sheet had not been introduced into evidence, thus the prosecutor was commenting upon evidence which was not admitted into evidence. It is improper for counsel in closing argument to inject matters not in evidence. Furthermore, a rap sheet is inadmissible and incompetent as evidence. In Humphrey v. State, Okl.Cr., 452 P.2d 173 (1969) this Court observed that "to refer to a five page rap sheet (which is not the proper way to prove former convictions) . . . was highly improper and prejudicial. Nor was this prejudice overcome by the trial court's sustaining the objection to the 'police record.'" 452 P.2d at 175. "A 'rap sheet' or police report of arrests, investigations, convictions, etc., on an individual is inadmissible and incompetent evidence to prove a felony conviction." Lawson v. State, Okl. Cr., 486 P.2d 759, at 760 (1971). Accordingly, the prosecuting attorney's reference

to the defendant's rap sheet during the closing argument was clearly improper and prejudicial.

 At another time the prosecuting attorney stepped outside the bounds of proper argument. In an apparent effort to encourage the jury to assess a lengthy term of imprisonment, the prosecutor argued:

"I've had two witnesses, one for the defense counsel and their witness brought it out that he had served a 3-year and an 18-month sentence in 15 months. That was their testimony. How long would it take to serve 50 years? I don't know. They told you how long it took to serve a 3-year and an 18-month sentence, 15 months as I remember. That's how long it took to serve 3 years and 18 months. Four years and a half and he served it and was out in 15 months."

By this statement the prosecuting attorney was clearly advising the jury that the defendant would not serve the full term of imprisonment imposed. Such advice is improper and error. "It is error for the trial court to instruct the jury regarding possible reduction or commutation of a term of imprisonment after imposition through pardon and parole policies or deductions for good behavior and other statutory allowances." Cox v. State, Okl.Cr., 491 P.2d 357 (1971). Clearly, if the trial court may not so instruct the jury, it is improper for the prosecuting attorney to so instruct the jury. "Although the right of argument contemplates a liberal freedom of speech and [range of discussion, it is improper for] counsel in closing argument to mislead the jury or inject matters not supported by the evidence; and such improper argument will support modification of the sentence where evidence of guilt is clear and convincing." Boyd v. State, Okl.Cr., 478 P.2d 980 (1970). By his improper and prejudicial argument to the jury, prosecuting attorney in the instant case almost snatched defeat from the jaws of victory. However, since the evidence of guilty is clear and convincing, we are of the opinion that the conviction should be affirmed, but

the sentence must be modified due to the highly improper argument of the prosecuting attorney.

Accordingly, the sentence is hereby modified to a term of five (5) years imprisonment, and as so modified, the sentence is hereby affirmed.

BUSSEY, P. J., concurs in results.

SIMMS, J., concurs.