Ray R. STOKES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-16286.

Court of Criminal Appeals of Oklahoma.

April 19, 1972.

On Rehearing Sept. 28, 1972.

Rehearing Denied Oct. 16, 1972.

J. Rex Spurr, Shawnee, Alan G. Nichols, Wewoka, and Bryce A. Baggett, Oklahoma City, for appellant.

John L. Clifton, Dist. Atty., and James Sill, Asst. Dist. Atty., Pottawatomie County, for appellee.

## OPINION

BRETT, Judge:

Appellant, Ray R. Stokes, (a/k/a Robert R. Stokes, Bob Stokes, Bob R. Stokes, Roy Stone), hereinafter referred to as defendant, was convicted in the District Court of Pottawatomie County, case number CRF–69–12, with the offense of obtaining merchandise by means of a false and bogus check, after former conviction of a felony, and sentenced to ten (10) years imprisonment. Judgment and sentence was imposed on September 21, 1970, and this appeal perfected therefrom.

It was charged that the defendant obtained some merchandise from the Newton Wall Company in Shawnee, Pottawatomie County, Oklahoma, on November 4, 1967, by means of a false and bogus check in the amount of Seventy Eight Dollars and twenty-five cents, ($78.25), knowing that said check was false and worthless and with the intent to defraud the Newton Wall Company of said merchandise. The evidence established that the defendant obtained merchandise in the value of Seventy Eight Dollars and twenty-five cents, ($78.-25), by means of a check drawn for that amount on the Penn Square National Bank of Oklahoma City, presented to an employee of the Newton Wall Company in Shawnee. Testimony shows the defendant

signed the check in the presence of a witness and that the defendant persuaded the store employee to accept the check, even though the defendant's name was not listed on the store files as being cleared for personal checks. Defendant represented to the employee that the check was good. It was stipulated that the defendant did write said check, and that on the date the defendant offered the check in payment he had no account on the drawee bank and that his account at said bank had been closed for seven years previous. The check was returned to the Newton Wall Company from the drawee bank unpaid. The evidence established that subsequent to the filing of criminal prosecution the defendant made full restitution to the Newton Wall Company and at the time of the trial defendant owed nothing to the store. The jury returned a verdict finding the defendant guilty as charged.

In the second stage of the trial the State charged that the defendant had a former felony conviction. It was stipulated that the defendant was convicted on July 11, 1960, of the offense of obtaining money by false pretense in Seminole County, case number 6837. After hearing the court's instructions and argument of counsel, the jury retired and returned a verdict fixing punishment at ten years imprisonment.

■ Defendant's first two assignments of error concerns a purported meeting and agreement between the defendant and the district attorney several months before the case came to trial. Defendant argues that at this meeting the district attorney agreed that if defendant made full restitution the State would dismiss the criminal prosecution. It is defendant's position that since defendant made full restitution and the prosecution was not dismissed by the district attorney, the court was obligated to fulfill the prosecutor's unkept promise and dismiss the case. Furthermore, defendant argues that such a meeting was a critical stage of the proceedings entitling him to representation by counsel.

The evidence at the trial does not establish that there was a meeting between the district attorney and the defendant, which resulted in an agreement to dismiss the prosecution. Furthermore, the defendant did not raise the issue of lack of counsel at such a meeting at any time prior to trial, during trial, or on motion for new trial. The only indication that there was a meeting between the district attorney and defendant concerning restitution is found in the defendant's statement to the trial court at the time of sentencing. We therefore conclude that the evidence does not establish that there was a pretrial agreement by the prosecutor and the defendant to dismiss the prosecution upon restitution. Even if there had been such a meeting, the defendant has not shown by clear and convincing evidence that he was prejudiced or denied a fair trial by virtue of such an alleged agreement. The evidence which went to the jury and established defendant's guilt was not obtained or the result of the alleged meeting and agreement. We therefore conclude that there was no error in this regard and further that such an issue should have been raised in the trial court and not for the first time on appeal.

■ Defendant's second two assignments of error concern prejudicial remarks made by the prosecutor during his closing arguments. During his argument the prosecutor remarked in part: ". . . the fact that he does now stand convicted after a prior conviction of another felony in the same area—that of larceny, burglary and some other situation—. . ." Defendant's point is well taken that this may have indicated to the jury that the defendant had been convicted of larceny and/or burglary, although in fact the only evidence of a prior conviction was for obtaining money under a false pretense. Although the prosecutor may not have intended to indicate defendant had prior convictions of burglary and larceny, the jury may have very well so interpreted his remarks. Furthermore, the prosecutor in his closing arguments remarked that "there is parole for good time and Christmas parole and things like that." The prosecutor also remarked: "Under the system of parole in the State of Oklahoma; whatever sentence you give

the defendant, he will not have to serve it in its entirety."

■ It is obvious that these remarks were improper, prejudicial, stated matters not in evidence, and were wholly unjustified. It is a familiar and well established rule in this jurisdiction that the jury may not be advised of parole policies or other possible reductions in the sentence, after it has been imposed. As stated by this Court in Cox v. State, Okl.Cr., 491 P.2d 357: "It is error for the trial court to instruct the jury regarding possible reduction or commutation of a term of imprisonment after imposition through pardon and parole policies or deductions for good behavior and other statutory allowances." Clearly if a trial court may not so instruct, certainly the prosecutor may not so advise the jury. We therefore conclude that the prosecutor's remarks were clearly error. However, the prosecutor's improper and prejudicial remarks were made in the second stage of the proceeding, after the jury had determined guilt. Had the remarks been made in a one-stage trial, where there was conflicting evidence, there might very well be cause for reversal. However, such prejudicial remarks by the prosecutor made in the second stage of the trial would require modification of the sentence. But in the instant case, since the jury imposed the minimum time of imprisonment allowable under the law, we are prevented from modifying the sentence. It is however within the trial court's discretion to suspend a part of the sentence imposed. 22 O.S.1971, § 994.

Judgment and sentence is hereby affirmed.

BUSSEY, P. J., and SIMMS, J., concur.

## OPINION ON REHEARING

BUSSEY, Presiding Judge:

Appellant, Ray R. Stokes, a/k/a Robert R. Stokes, Bob Stokes, Bob R. Stokes, and Roy Stone, hereinafter referred to as defendant, was convicted in the District Court of Pottawatomie County, Oklahoma for the offense of Obtaining Merchandise by Means of a False and Bogus Check, After Former Conviction of a Felony, and sentenced to ten (10) years imprisonment. This cause was reviewed by this Court and affirmed on April 19, 1972. A timely motion for rehearing was filed by the defendant.

We have carefully examined the defendant's excellent brief in support of his motion for rehearing, and after examining such, are of the opinion that the cause must be MODIFIED. We observe that the trial court in the second stage of the trial instructed the jury that the minimum punishment for Obtaining Merchandise by Means of a False and Bogus Check, After Former Conviction of a Felony was not less than ten (10) years. The offense was alleged to have occurred on November 4, 1967; hence, under the then-existing statute, 21 O.S., § 51, the jury should have been instructed that the minimum sentence for the crime charged was a term of not less than one (1) year.

■ In the original opinion, we discussed improper argument by the District Attorney in the second portion of his closing argument. Although we felt that such remarks were prejudicial, we stated that we were without authority to modify the sentence, inasmuch as the minimum sentence of ten (10) years was imposed. We are of the opinion that because both of the errors occurred in the second stage of the proceedings after the jury had determined the defendant's guilt that the same does not constitute reversible error. It is therefore the order of this Court that the judgment and sentence is modified to a term of one (1) year imprisonment, and as so modified, the judgment and sentence is

Affirmed.

Modified and affirmed.

BRETT, J., concurs.