**Wyatt Long WEBB, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–622.**

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1976.

Don Anderson, Public Defender, W. L. Funk, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Wyatt Long Webb, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, Oklahoma, Case No. CRF–74–4214, with the offense of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 801 and in CRF–74–4215 in the offense of Robbery with Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 801. The cases were consolidated for trial whereafter the defendant was found guilty by jury in both cases. His punishment was fixed at a term of ninety-nine (99) years' imprisonment in each case with said sentences to run consecutively. From these judgments and sentences the defendant has perfected a timely appeal to this Court.

State's first witness at trial was Don Richard Bowles, who testified that on the 23rd of November, 1974, he and one Jo Lynn Moody, who has since that day become his wife, were leaving Jamil's Restaurant in Oklahoma City at approximately 8:25 p. m. when in the parking lot of the establishment they were approached by three men. He stated that one of the men stepped up from behind him, pointed a rifle at him and said "This is a holdup". He testified that upon hearing this remark he turned around and observed two other men, one of whom struck him with a club. He said that the same man who had struck him grabbed his wife, took her purse and said "Give me your money or I'll beat her brains out, I don't care, I will beat her brains out". He said the man again struck him with the same club and ran. He further testified that the attack occurred beneath a flood light in the parking lot and further that the men all wore stocking caps and ladies' hoses over their faces. He said that he was hit on the left leg and the left side of his back with the club and that the person who took his money and his wife's purse was the same individual who had struck him with the club. He thereafter identified in court the defendant as the person who had attacked and robbed him and his wife on the above mentioned evening. He further testified that he had occasion to later see the defendant at the Oklahoma City Police Station where he identified him in a lineup. He stated that at the police station he had occasion to see the defendant in the hall and that the defendant appeared very startled and appeared to do a "double take". He said the persons in the lineup were requested to speak the words the defendant spoke at the time of the robbery and upon hearing the defendant speak the words, he recognized his voice as being the voice of the man who had attacked him.

State's next witness was Jo Lynn Bowles who testified that on the 23rd of November, 1974, her name was Jo Lynn Moody and that she had since married the previous witness, Don Bowles. Her testimony was essentially the same as the previous witness regarding the facts of the 23rd of November, 1974 and the attack which occurred that evening. She also identified in court the defendant as a person who hit her husband with an ax

handle and who took her purse. She also testified that subsequent to the robbery she had occasion to see the defendant in a lineup at the Oklahoma City Police Department. She testified as did her husband regarding seeing the defendant in the hallway at the police station and further she identified the defendant in the lineup as the person who had assaulted her and her husband. She also testified that upon hearing the defendant in the lineup speak the words "I am going to beat your brains out . . . if you don't give me everything in your pocket, I don't care, I will just beat them out," she recognized the voice as the voice of the person who had robbed her and her husband. She also testified that she was amazed the defendant in the lineup said the words identically the same way he had when he robbed them.

The State then rested.

The Defense first witness was Marsetta Hankins who testified she was a licensed practical nurse at University Hospital and had known the defendant for approximately five years. She said that she was a friend of the defendant and that she was also in love with him. She further testified she was with the defendant the entire weekend of the 21st, 22nd, and 23rd of November, 1974, and that she particularly remembered it because the 21st was the defendant's birthday. She said she particularly remembered the 23rd of November because it was on a Saturday and she first saw the defendant around 5:00 in the afternoon. She stated that she and the defendant remained in her apartment for some time but then proceeded to a motel where they stayed until approximately 1:30 a. m. on the 24th of November. She said she was conscious of the time because at the time she was thinking how long she had been away from her two children whom she had left at home. In cross-examination she testified she had never been to the motel prior to the 23rd of November and was not exactly sure where it was located. She said she paid for the room but

she did not receive a receipt or sign a register book. She said she was in love with the defendant and did not want to see him go to the penitentiary. In redirect examination she testified she would not lie for the defendant to keep him from going to the penitentiary.

The defendant's sole assignment of error asserts the prosecuting attorney, in his closing argument during the second stage of the proceeding, made certain improper comments prejudical to the defendant. The defendant maintains that the prosecuting attorney made sufficient reference to the possible parole to constitute error sufficient to justify a new trial.

In *Cox v. State,* Okl.Cr., 491 P. 2d 357 (1971), this Court found that it was improper and it was error for the trial court to instruct the jury as to possible reduction of the sentence imposed by pardon and parole or deduction for good behavior. This Court has further held that it is improper for the prosecuting attorney to put these matters before the jury in its final argument. See *Tucker v. State,* Okl.Cr., 499 P.2d 458 (1972). Yet we note that prejudicial remarks made during the second stage of a bifurcated proceeding, after the guilty verdict had been returned, can only result in modification, if necessary, but not reversal. See *Stokes v. State,* Okl.Cr., 501 P.2d 864 (1972). Also in *Fields v. State,* Okl.Cr., 511 P.2d 1116, 1120 (1973), this Court said that "unmistakable reference to the defendant possibly being the recipient of good time credit during his institutional stay, [is] a practice which is clearly outside the scope of proper closing arguments." However, the appropriate inquiry is whether in light of the totality of the closing argument the prosecuting attorney makes such an unmistakable reference to the pardon and parole system of Oklahoma to result in prejudice to the defendant thus meriting modification if the reference occurs during the second stage of bifurcated proceedings. The resolution of this inquiry must be on a case by case basis especially when the prosecuting attor-

ney's argument makes only an indirect reference to the pardon and parole policy in Oklahoma.

 After a careful examination of the closing argument during the second stage of the proceeding, we are of the opinion that the prosecuting attorney's argument does not constitute an "unmistakable reference" to the pardon and parole system in Oklahoma and thus no modification of the defendant's sentences is necessary. For all the above and foregoing reasons we find the defendant's assignment of error to be without merit.

We also note that the petition in error filed in the instant case submits the errors at trial include those as alleged in the defendant's pro se motion filed on the 18th of April, 1975. The defendant filed an instrument on that day entitled "Rule 2.12 Motion on Newly Discovered Evidence which is Provided by 22 O.S.1971, § 953," which in substance asserted that his attorney of record failed to subpoena various witnesses, the names of which he enumerates in his motion, and his attorney of record failed to compel their attendence, if necessary. We need only note that Title 22 O.S.1971, § 952, provides in part as follows:

> "Seventh. When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, . . . and that the facts in relation thereto were unknown to the defendant or his attorney until after the trial jury in the case was sworn and were not of record. When a motion for a new trial is made on the ground of newly discovered evidence, the defendant must produce at the hearing in support thereof affidavits of witnesses, or he may take testimony in support thereof as provided in [Section 5781 now 22 O.S.1971, § 952] . . . ."

We observe from the record the defendant failed to file supportive affidavits of the various witnesses enumerated in his motion, as provided in the statutes. We fur-

ther note that the defendant's motion fails to in any way assert how he was prejudiced even assuming his contentions to be meritorious. We also failed to see how such evidence could be considered newly discovered evidence. See *Wafers v. State*, Okl.Cr., 444 P.2d 825 (1968). For the above and foregoing reasons we find the defendant's contentions in his motion filed on the 18th of April, 1975, not properly preserved for review.

For all the above and foregoing reasons we are of the opinion the judgment and sentence appealed from should be, and the same is, accordingly, *affirmed*.

BRETT, P. J., concurs in part and dissents in part.

BUSSEY, J., concurs.

BRETT, Presiding Judge (concurs in part, and dissents in part).

I concur that this conviction should be affirmed, but I believe the sentence is excessive and should have been modified because of the improper remarks of the prosecutor.