George Wayne **ADKINS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–757.

Court of Criminal Appeals of Oklahoma.

June 8, 1976.

E. Terril Corley, Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, George Wayne Adkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–205, for the offense of Robbery By Force, in violation of 21 O.S.1971, § 798. The jury fixed his punishment at imprisonment for an indeterminate term of not less than

twenty-five (25) years nor more than fifty (50) years, and from said judgment and sentence an appeal has been perfected to this Court.

Briefly stated, at the trial the State relied principally upon the eyewitness testimony of the 17-year-old victim, Patrick Dean Berry, and the confession of the 18-year-old defendant. The victim was employed part-time at a Derby Service Station located at 5196 South Yale, Tulsa, Tulsa County, and was operating the station alone on the night of January 26, 1975. Defendant drove into the station that evening and while inquiring about antifreeze ascertained from the victim when the station closed. Defendant subsequently returned to the vicinity of the station and waited until about 10:00 p.m. when the victim finished closing. As the victim approached his vehicle to leave the station, defendant struck him on the back of the head with a twelve inch crescent wrench. When the victim screamed and turned around, defendant demanded the victim's keys and pushed him to the ground as they were surrendered. Despite the victim's lack of resistance, defendant repeatedly beat him about the head with the wrench while the victim laid upon his back screaming. Defendant then removed sixty-five dollars from within the station and fled. The victim was stunned and bled profusely but did not lose consciousness though he was unable to stand. Possible permanent injury was sustained to a forefinger when the victim attempted to protect his head with his hands. As result of his injuries, the victim was hospitalized for one week and missed six weeks from high school. In his confession defendant also stated that he committed the offense in order to buy his child some baby formula.

Defendant testified as the only witness in his behalf and readily acknowledged his guilt of the alleged offense as well as the accuracy of the proof introduced by the State. Defendant explained that both he and his 17-year-old wife were unemployed and they had an infant child. Despite his efforts to find employment, he had been unemployed for about six days at the time of the offense, and felt that he had previously exhausted his loan sources with relatives. When asked why he committed the offense defendant testified, "I just didn't have any money and my baby was almost out of formula and I didn't have any money to get gas with to keep on looking for a job." (Tr. 58) Defendant also explained that he thought the victim would be knocked unconscious with the first blow and continued to strike the victim only because he screamed.

■ Several allegations are consolidated within defendant's first assignment of error under the heading of prosecutorial misconduct. Defendant therein contends that he was deprived of a fair and impartial trial and is entitled to a new trial due to error introduced by the State in direct examination of the victim (Tr. 30 & 31), cross examination of defendant (Tr. 60–64 & 70–71), and closing argument (Tr. 90–91 & 108). Insofar as defendant contends that the asserted errors entitle him to a reversal, this assignment is wholly without merit since defendant's guilt was conclusively established by his judicial confession thereof in testifying in his own behalf. See, *Goodner v. State,* Okl.Cr., 546 P.2d 653 (1976). We have, however, considered this assignment insofar as the alleged errors may have influenced the jury in their determination of punishment, along with defendant's remaining assignment of error which is predicated upon the proposition that these alleged errors induced the jury to enhance punishment.

■ In an apparent attempt to dispel the effect of his judicial confession, defendant intimates that he would not have taken the witness stand had the alleged misconduct of the prosecutor not placed him in such a position that he had no alternative but to acknowledge his guilt and endeavor to mitigate punishment. However, this contention is patently frivolous for either of two reasons. First at the

**1352**

conclusion of the State's case in chief, defendant acknowledged to the the court that he was adopting such tactics upon advice of counsel in view of the overwhelming evidence of guilt introduced by the State. (Tr. 50–51) Second, the only errors alleged to have occurred prior to defendant taking the witness stand were in the direct examination of the victim, and insofar as any error was preserved for review this was with regard to questions concerning the extent of the victim's injuries and his size relative to that of the defendant or ability to resist the assault. We are of the opinion that such examination was germane and relevent to the charge of Robbery By Force. See, *Snake v. State,* Okl.Cr., 453 P.2d 287 (1969).

We have carefully considered each of the specifications of error presented and are of the opinion that no error occurred affecting the substantial rights of defendant to his injury except with regard to the closing argument of the State. In his closing argument, the prosecutor made an indirect yet unmistakable and effective reference to pardon and parole as a consideration for the jury in their assessment of punishment, as well as other improper and prejudicial remarks. (Tr. 90–92, 104–105 & 198–210) These remarks had the desired effect since the jury returned from deliberation on two occasions with questions concerning the pardon and parole policies of this State, but after previously being deadlocked upon punishment, immediately released the verdict form when the trial court compounded the error by advising the jury that defendant was eligible for parole at any time. (Tr. 110–119) However, in view of defendant's judicial confession of guilt, such a situation is analogous to where prejudicial remarks are made during the second stage of a bifurcated trial, after the guilty verdict has been returned, and modification is the appropriate remedy, if necessary, rather than reversal. Under the facts and circumstances of this case, we therefore conclude that the improper and prejudicial argument presented by the State contributed to the punishment assessed by the jury and requires modification of the sentence imposed in the interest of justice. See, *Satterlee v. State,* Okl.Cr., 549 P.2d 104, (1976), *Carbray v. State,* Okl.Cr., 545 P.2d 1813 (1976), and *Cox v. State,* Okl.Cr., 491 P.2d 357 (1971), together with authority collected therein.

For the above and foregoing reasons, the judgment and sentence appealed from is accordingly modified to an indeterminate sentence of not less than ten (10) years nor more than thirty (30) years' imprisonment, and as so modified is hereby AFFIRMED.

BRETT, P. J., and BLISS, J., concur.