IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1997

FILED

November 17, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,　　　　　)
　　　　　　　　　　　　　　　　)　　No. 01C01-9604-CC-00150
　　　Appellee　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　LINCOLN COUNTY
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　Hon. CHARLES LEE, Judge
JERRY RAY COOPER,　　　　　　)
　　　　　　　　　　　　　　　　)　　(Murder-Second Degree)
　　　Appellant　　　　　　　　)

## SEPARATE CONCURRING

I write separately to note my concurrence in the results, but for reasons other than those articulated by the principal opinion.[1]  Notwithstanding the fact that the appellant invited error by requesting that the so called "truth in sentencing" instruction be given,  I nevertheless find reversible error based upon the inherent unconstitutionality of the statute as codified in Tenn. Code Ann. § 40-35-201(2)(A)(i).  Moreover, finding that the constitutional error complained of did contribute to the resulting verdict, reversal is required.  Chapman v. California, 386 U.S. 18, 87 S.Ct. 824 (1967).

My reasons for finding the statute unconstitutional are two-fold.  First, from a practical perspective, placing parole information before the jury during the guilt phase of a trial is akin to "the tail wagging the dog."  It is almost certain that this information will input, either directly or indirectly, into the jury verdict.  It is far-fetched to believe that a juror, after being informed that the accused may gain parole eligibility for a fifteen year sentence in 1.77 years, will not factor this information into the deliberations and resulting verdict.  This simply expects too much of the "reasonable" juror.

---

[1]While I am in agreement with the result, I am unable to entirely agree with the majority's characterization of the three year period of hostility between the victim and the defendant which eventually culminated in the victim's death.  Contrary to the majority's portrayal, I find that both parties were the aggressors on various occasions; both repeatedly armed themselves for mutual combat; and both were the subjects of various court orders.  Evidenced by their verdict, the jury resolved the conflicts in favor of the prosecution.  Thus, on appeal, the evidence is reviewed in the light most favorable to the State.  I find, under this standard, that the State presented more than sufficient evidence from which a "rational trier of fact" could have found the appellant guilty of second degree murder beyond a reasonable doubt.

Second, from a legal perspective, I find that interjection of range of punishment, coupled with the statutorily required minimum parole eligibility date, sentence reduction credits and the governor's power to reduce prison overcrowding, at the guilt phase of trial, may, as illustrated by the case *sub judice*, be so unduly prejudicial to the determination of guilt that it renders the trial fundamentally unfair. See TENN. CONST. art I, § 8; State ex. rel. Anglin v. Mitchell, 596 S.W.2d 779 (Tenn. 1980).

The principal opinion, in finding the statute constitutional, relies solely upon an unpublished opinion of this court, State v. King, No. 02C01-9601-CR-00032 (Tenn. Crim. App. at Jackson, Oct. 22, 1996), perm. to appeal granted, (Tenn. Mar. 10, 1997). In King, a panel of this court concluded that our supreme court's holding in State v. Farris, 535 S.W.2d 608 (Tenn. 1976), which held parole eligibility instructions violative of due process, is inapplicable to an analysis of Tenn. Code Ann. § 40-35-201, because Farris was decided at a time when sentencing was a jury function. I must respectfully disagree with this interpretation. Moreover, with regard to the challenged statute as amended in 1994, I find it prudent to acknowledge that our supreme court has not specifically addressed its constitutionality. Cf. State v. Cook, 816 S.W.2d 322 (Tenn. 1991).

Justice Henry, speaking for the court in Farris, wrote concerning the dangers of permitting the introduction of parole eligibility information:

> Jurors should not be permitted to speculate on the length of sentences, discretionary parole, the accumulation of good and honor time and a whole conglomeration of contingent events which, if they come to pass at all, will come to pass in the future. Very heavily involved is the constitutional right of a defendant to a fair trial.
>
> . . . It tends to make a jury speculate on the length of time a convicted defendant will be required to serve and further tends to breed irresponsibility on the part of jurors premised upon the proposition that corrective action can be taken by others at a later date. A greater defect in the law stems from the fact that jurors tend to attempt to compensate for future clemency by imposing harsher sentences.
>
> The matter of the future disposition of a convicted defendant is wholly and utterly foreign to his guilt and is not a proper consideration by a jury in determining the length of his sentence.

2

<u>Farris</u>, 535 S.W.2d at 614. Contrary to the holding in <u>King</u>, subsequent statutory amendment fails to dissipate the constitional concerns expressed in <u>Farris</u>.

The function of a jury in a criminal proceeding is limited to a determination of the defendant's guilt or innocence based solely on the basis of evidence introduced at trial and <u>not</u> on extraneous conditions not adduced as proof at trial. <u>See</u> <u>Taylor v. Kentucky</u>, 436 U.S. 478, 485, 98 S.Ct. 1930, 1934 (1978) (citing <u>Estelle v. Williams</u>, 425 U.S. 501, 96 S.Ct. 1691 (1976)). Parole is nothing more than post-conviction clemency; a condition subsequent to the accused's conviction, offered as a reward for the good behavior of the convict. For a jury to "consider and weigh" parole eligibility goes outside the facts of the case and is not germane to a determination of guilt or innocence. Clearly, an instruction on the law of parole constitutes an extraneous condition which is not substantive proof of the accused's guilt or innocence.

Of significant importance is the fact that, despite diligent research, I have been unable to locate any other jurisdiction in America, other than Tennessee, that permits the introduction of parole eligibility information at the guilt phase of the trial. Of the six states that have retained jury sentencing, *i.e.*, Arkansas, Kentucky, Missouri, Oklahoma, and Virginia, only three, Arkansas, Kentucky, and Texas, have found an instruction on parole eligibility at the <u>sentencing</u> phase of the trial constitutional.[2] <u>See</u> <u>Teague v. State</u>, 946 S.W.2d 670 (Ark. 1997); <u>Boone v. Commonwealth</u>, 780 S.W.2d 615 (Ky. 1989); <u>Johnson v. State</u>, 800 S.W.2d 563 (Tex. App. 1990). Moreover, constitutional amendment in Texas and statutory amendment in Arkansas and Kentucky were required before the jury could be instructed on these matters at the <u>sentencing phase</u>. <u>See, e.g.</u>, TEX. CONST. art. IV, § 11(a) (amended November 7, 1989); Ark. Code Ann. § 16-97-103 (1995 Supp.); Ky. Rev. Stat. Ann. § 532.055 (Banks-Baldwin 1995). Additionally, these six jurisdictions have routinely rejected the introduction of parole eligibility information before the jury for a variety of reasons, including, but not limited to: violation of the

---

[2]Each of these six states has a bifurcated trial procedure whereby after a determination of guilt, a separate sentencing hearing is held before a jury with the jury determining the appropriate punishment. Moreover, we note that, effective 1995, Virginia has abolished parole.

separation of powers doctrine, *i.e.*, the mandatory "truth-in-sentencing" instruction is an attempt by one branch (the legislative) to direct an another branch (the judiciary) to interfere with the powers of yet a third branch (the executive), see, e.g., Kemp v. State, 632 P.2d 1239 (Okla. Crim. App. 1981); Rose v. State, 752 S.W.2d 529 (Tex. Crim. App. 1987), *superseded by constitutional amendment*, Johnson, 800 S.W.2d at 563; Walker v. Commonwealth, 486 S.E.2d 126 (Va. App. 1997); and various aspects of fundamental fairness, for instance, speculation about a future event, see, e.g., Huff v. Commonwealth, 763 S.W.2d 106 (Ky. 1988) (Leibson, J., dissenting) (citing Farris, 535 S.W.2d at 608); Walker, 486 S.E.2d at 126; extraneous condition to determination of guilt, see, e.g., State v. Rollins, 449 S.W.2d 585 (Mo. 1970); Beans v. State, 54 P.2d 675 (Okla. Crim. App. 1936); a condition subsequent to conviction, see, e.g., Cox v. State, 491 P.2d 357, 359 (Okla. Crim. App. 1971); and relevancy, see, e.g., Walker, 486 S.E.2d at 126.

Parole is not a judicial function, rather it is an executive function. It is best that the correctional authorities and not the jury be left to commence the process of rehabilitation. A jury charge which instructs on punishment and parole eligibility will invariably result in unjust verdicts and may prejudice either the accused or the State's right to a fair trial, depending upon the particular facts and circumstances of the case. Accordingly, I find that the statutorily mandated jury instruction which requires the jury to "weigh and consider the meaning of a sentence of imprisonment for the offense charged" at the guilt phase of trial violates the appellant's constitutional right to due process as secured by Article I, Section Eight of the Tennessee Constitution.

_____
DAVID G. HAYES, Judge

4