Leon William **HENDERSON,**
Appellant,

v.

**The STATE of Oklahoma, Appellee.**

No. F–73–56.

Court of Criminal Appeals of Oklahoma.
Aug. 30, 1973.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Leon William Henderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–922, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, his punishment was fixed at eighteen (18) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Geraldine Deibler testified that on April 14, 1972, her 1970 model Oldsmobile station wagon was parked on the parking lot at Baptist Hospital. She had left it locked the afternoon before. In the early morning hours of April 14, she was paged and went to her car where she observed that a window had been pried open and the lock on the door broken. Seven stereo tapes, a pocket knife and a foam rubber station wagon pad were missing from the car. She later recovered her property at the police station.

Harry Hurst testified that he was employed at Baptist Hospital and arrived at work on April 14 at approximately 5:50 a. m. As he was walking through the parking lot, he heard a banging noise. He saw a black car with the trunk raised and two men moving back and forth among the cars. Another employee walked up and they watched for several minutes as the two men appeared to be taking items from a 1970 Oldsmobile station wagon and putting them into the trunk of the black car. He identified the defendant as one of the men he observed. He went through the hospital and informed a Pinkerton Security Guard what he had observed.

Herman Meyer testified that he was employed as a landscape gardener at the Baptist Memorial Hospital and arrived at work at approximately the same time as Harry Hurst. As he and Hurst were walking through the parking lot, he heard a noise of something banging against metal. He observed two men taking objects from a green station wagon and putting them into a black Dodge. He identified defendant in court as one of the men.

Cary Mills testified that he was employed as a Pinkerton Security Guard assigned to Baptist Hospital and was on duty the early morning hours of April 14. After talking to Hurst, he immediately drove to the parking lot. He observed two black men at a black Dodge with the trunk raised. As he approached, they attempted to drive out of the parking lot. He blocked their exit with his car, drew his pistol and told them to get out of the car. He identified defendant as the passenger in the car.

Officer Sealy of the Oklahoma City Police Department testified that he answered a call to the parking lot of Baptist Hospital. After talking to Mills, he placed defendant and defendant's companion under arrest.

Co-defendant Douglas Hill testified that defendant was with him on the morning in question at Baptist Hospital. He testified that defendant was passed out and that he was the only one who got out of the car. He denied making a contrary statement to Officer Withey. After further testimony of Hill outside the presence of the jury, the trial court ruled that the State was entrapped in calling witness Hill and that the State would be permitted to impeach Hill on contrary statements.

Officer Troy Withey testified that he interrogated Hill at the Oklahoma City jail on April 14 after first advising him of his Miranda rights. Hill did not state anything indicating that the defendant was asleep or passed out in the car or that defendant did not get out of the car.

Defendant did not testify nor was any evidence offered in his behalf.

The previous convictions were stipulated. Officers Sanders and Satterfield testified that defendant was the person who was convicted in the former convictions.

██ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

██ The final proposition contends that the punishment is excessive. Considering that this is defendant's third felony conviction we cannot conscientiously say that the punishment imposed shocks the conscience of this Court. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.