Timothy Carl YOUNG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-645.

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1976.

Richard A. Hoffman, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., Norman, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Timothy Carl Young, hereinafter referred to as the defendant, was charged, tried and convicted in the Tulsa County, District Court, Case No. CRF–75–81, for the crime of Knowingly Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. Pursuant to the jury's verdict, the defendant was sentenced to serve a term of ten (10) years in the custody of the State Department of Corrections. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness, Dr. L. E. Van Valkenburgh, stated that he was an osteopathic physician and practiced in Tulsa, Oklahoma. On January 10, 1975, he left his office and locked it. On January 12, 1975, at approximately 1:15 p. m., he was contacted in regard to a burglary of his office. He went to the office and found that several items were missing, including a digital clock radio, a portable typewriter, a checkbook, cash, and some medication. Dr. Van Valkenburgh identified State's Exhibit No. 1, as his personal checkbook which had been taken from his office without his permission. The only person to have a key to the office besides Dr. Van Valkenburgh was his receptionist, Mary Brashears. She also identified State's Exhibit No. 1, as Dr. Van Valkenburgh's checkbook. She said that she left the office shortly before 1:00 p. m., on January 10, 1975. She was notified by the police on January 12, 1976, that the office had been burglarized, after which she related this information to Dr. Van Valkenburgh.

The State then introduced State's Exhibit No. 2, which was the transcript of Linda Collins' testimony at the preliminary hearing. The court allowed the State to enter testimony of Linda Collins through the transcript because the State could not locate her after repeated efforts. An excerpt of Linda Collins' testimony was admitted which revealed that Linda Collins worked at a motel in Tulsa, which was managed by her mother and father. She was working there on January 12, 1975. While she was cleaning the rooms, she opened the door to a room and discovered a box filled with bottles which appeared to come from a pharmacy. She also saw a typewriter. She reported it to her mother and stepfather, who called the police. Miss Collins stated that no one else was in the room when she entered it, and that, subsequent to her entering the room and prior to the arrival of police officers, the defendant was the only person who entered.

Mr. William Stephens, a police officer for the City of Tulsa, went to the motel in response to the call from Miss Collins' parents. After arriving at the motel, he requested a backup police unit and proceeded

to the motel room which contained the contraband. Another police officer, Mr. Don Stewart, arrived at the motel to assist Mr. Stephens. Officer Stephens knocked on the motel room door, and the defendant opened the door and stepped outside. Officer Stephens identified himself as a police officer and told the defendant that a woman thought she had seen contraband inside his room. The defendant told the police officer not to come back unless he had a search warrant. The police officer invited the defendant to sit in the police car. The defendant complied, and they went to sit in Officer Stewart's police car. The defendant appeared to be under the influence of a drug. When they were seated in the car, Officer Stephens asked the defendant to produce some identification. The defendant said that his name was Timothy Carl Young and took a checkbook from his hip pocket, which had the name of Dr. Van Valkenburgh on it. Officer Stewart recognized Dr. Van Valkenburgh's name on the checkbook because he had met Dr. Van Valkenburgh previously. He checked with Officer Kenneth Wages to see if there had been a burglary at Dr. Van Valkenburgh's office and found that there had been one.

■ The defendant's first assignment of error is that the evidence produced at trial was not sufficient to sustain a conviction. In *Walls v. State*, Okl.Cr., 491 P.2d 320 (1971), this Court enumerated the elements of the crime of Knowingly Concealing Stolen Property. We stated:

" . . . Concerning that charge, the requirements of proof are: Defendant had knowledge that the property was stolen property; and, that he was in some manner concealing it from its rightful owner." (at page 322)

We have consistently held that where competent evidence is produced at trial from which the jury may reasonably and logically find the defendant guilty, the Court of Criminal Appeals will not interfere with the verdict. *Henderson v. State*, Okl.Cr., 513 P.2d 1324 (1973). After carefully examining the record in the instant case, we find that the evidence produced at trial was sufficient to sustain a conviction.

■ The defendant's second assignment of error is that he was denied due process of law by the use of five prior felony convictions for the purpose of enhancement of his sentence. The defendant asserts that a conviction as a juvenile, although not directly used to enhance punishment, sufficiently tainted all the other felony convictions because it was based upon an unconstitutional statute. However, upon examining the record, we can find no facts which affirmatively establish that the conviction as a juvenile was constitutionally infirm. In *Carbray v. State*, Okl.Cr., 545 P.2d 813 (1976), this Court discussed a similar situation. We stated:

"We, therefore, cannot be left to speculate upon the validity of the 1957 conviction and then, one step removed, attempt to examine purported taint of that conviction upon the four valid convictions used to enhance punishment in the instant case. We are of the opinion that defendant has failed to establish the invalidity of the 1957 conviction and we are of the further opinion that the instant case is not the forum in which collaterally to attack the 1957 conviction as constitutionally infirm. Therefore, having failed to prove the invalidity of the 1957 conviction, any argument directed to the taint of that conviction cannot be considered." (at page 815)

Similarly, in the instant case we cannot consider any argument related to the possible taint of a prior conviction on order convictions until it is demonstrated that the conviction was invalid. See, also *Young v. State*, Okl.Cr., 551 P.2d 1133 (1976).

For the above and foregoing reasons, the judgment and sentence is hereby AFFIRMED.

BUSSEY, J., and BLISS, JJ., concur.